State of Vermont v. Steven A. Belanus

[475 A.2d 227]

No. 82-432

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 3, 1984

Motion for Reargument Denied February 24, 1984

*Deborah O. Frankel,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Blais & Cain,* Burlington, for Defendant-Appellant.

**Billings, C.J.** The defendant entered a plea of not guilty to the felony charge of lewd or lascivious conduct with a child, in violation of 13 V.S.A. § 2602. Later, pursuant to a plea agreement in which the State promised to recommend a deferred sentence, the defendant pleaded nolo contendere to the reduced charge of committing a lewd act, which is a misdemeanor. 13 V.S.A. § 2632(a) (8). The court accepted the defendant's plea but reserved decision on whether to accept the plea agreement until sentencing. V.R.Cr.P. 11(e) (4).

At the defendant's sentencing hearing, the State recommended a deferred sentence pursuant to 13 V.S.A. § 7041, and the presentence investigation report (PSI) recommended probation. However, after listening to the parties, the sentencing judge decided not to accept the recommendations of either the State or the PSI. The defendant then moved to withdraw his plea of nolo contendere. The judge denied this motion and imposed a sentence of six to twelve months, all suspended except thirty days to be served in the custody of the Commissioner of Corrections.

The defendant claims that fundamental fairness in the sentencing phase of the criminal justice system requires that a defendant be allowed to withdraw his or her plea of guilty or nolo contendere before sentencing if the sentencing judge decides not to follow the sentence recommended by the plea agreement.

In *Santobello* v. *New York,* 404 U.S. 257 (1971), the United States Supreme Court pointed out that plea bargaining has become an essential and highly desirable part of the criminal justice process. The Court stated that plea bargaining

> leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Id.* at 261.

The risk involved in entering a plea agreement is not the same as that involved in submitting to a jury trial, as evidenced by the large number of plea bargains today. *Schellert* v. *State,* 569 S.W.2d 735, 738 (Mo. 1978). According to one study, sentencing judges usually are extremely deferential to the prosecution's recommendations, so defendants "ordinarily [have] very little reason to fear" that the court will disregard the plea agreement. *Id.* (quoting Alschuler, *The Trial Judge's Role in Plea Bargaining, Part I,* 76 Colum. L. Rev. 1059, 1065 (1976) ) ; see also *McCormick* v. *State,* 38 Md. App. 442, 381 A.2d 694, 699 (1978).

Defendants who plea bargain are usually "lulled into believing that the court proceedings are a mere formality, and that everyone involved is party to the promised bargain, upon which the plea is founded." *Commonwealth* v. *Barrett,* 223 Pa. Super. 163, 166, 299 A.2d 30, 31 (1972).

V.R.Cr.P. 32(d) describes the procedure for withdrawing pleas of guilty and nolo contendere. That section states that if a motion to withdraw a plea of guilty or nolo contendere is made before the court imposes sentence,

> the court may permit withdrawal of the plea if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea.

*Id.*

■ The defendant suggests that his plea became involuntary when the sentencing court refused to accept the sentence recommended by the plea agreement, and that such involuntariness is a "fair and just reason" requiring the court to allow withdrawal of his plea. We have held that pleas of guilty or nolo contendere must be entered into voluntarily, and with a full understanding of the consequences. *In re Lamphere,* 127 Vt. 604, 606–07, 256 A.2d 29, 31 (1969). Such pleas are subject to attack if they are "obtained through ignorance, fear or misunderstanding." *Id.* at 607, 256 A.2d at 31.

■ When a sentencing judge rejects the sentence recommended by a plea agreement, the judge "draws into question the voluntariness of the plea." *People* v. *Wright,* 194 Colo. 448, 450, 573 P.2d 551, 553 (1978). Even if the prosecutor promised only to *recommend* a lighter sentence, the "taint of false inducement" remains. *Id.* The defendant in this case was informed by the judge who accepted his plea of nolo contendere that the sentencing court would not be bound by the prosecution's recommendation as to sentence. Although the defendant indicated that he understood this, it cannot be said that he received all that he bargained for when the prosecutor recommended a deferred sentence. Such a position "would reduce the bargain to a trap or, at best, a formality." *Thomas* v. *State,* 327 So. 2d 63, 64 (Fla. Dist. Ct. App. 1976).

V.R.Cr.P. 11(e)(4) provides that:

> If the court rejects the plea agreement or defers decision upon it, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is or may not be bound by the plea agreement, pursuant to Rule 32(d) afford a defendant who has already pleaded the opportunity to then withdraw his plea, and advise the defendant that if he persists in his plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

■ Although withdrawal of a plea of guilty or nolo contendere is within the discretion of the sentencing judge, *State* v. *Cross,* 142 Vt. 44, 46, 451 A.2d 1149, 1150 (1982) ; *State* v. *Scelza,* 134 Vt. 385, 386, 359 A.2d 660, 660 (1976), that discretion is not absolute. It must be exercised liberally in favor of

withdrawal of the plea. See Reporter's Notes, V.R.Cr.P. 32. When the judge in this case refused to accept the recommended sentence, the defendant's plea in effect became involuntary. This is a "fair and just reason" under Rule 32(d).

> Rule 11(e)(4) is amended to make clear that withdrawal of a plea because of rejection of a plea agreement is a special application of the standard in Rule 32(d) that authorizes withdrawal of a plea where the defendant shows a "fair and just reason" and the reason "substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." The reference makes clear that the sentencing judge's unwillingness to impose the sentence agreed upon is always a "fair and just reason" for withdrawal, and, in such a case, the reason always outweighs any possible prejudice to the state.

Reporter's Notes, V.R.Cr.P. 11, at 51.

■ The sentencing court failed to give the "defendant who has already pleaded the opportunity to *then* withdraw his plea," V.R.Cr.P. 11(e)(4) (emphasis added), and abused its discretion by refusing to allow the defendant to withdraw his plea of nolo contendere. See *Griffin* v. *State,* 12 Ga. App. 615, 77 S.E. 1080, 1085 (1913); *McCormick* v. *State, supra,* 38 Md. App. at 459, 381 A.2d at 702; *Commonwealth* v. *Todd,* 186 Pa. Super. 272, 278, 142 A.2d 174, 177 (1958) (all holding that sentencing court abused its discretion by refusing to allow plea withdrawal); see also *People* v. *Wright, supra; Thomas* v. *State, supra; State* v. *Loyd,* 291 Minn. 528, 190 N.W.2d 123 (1971); *Schellert* v. *State, supra; State* v. *Thomas,* 61 N.J. 314, 294 A.2d 57 (1972); *Eller* v. *State,* 92 N.M. 52, 582 P.2d 824 (1978) (all holding that defendant must be allowed to withdraw plea if sentencing court rejects sentence recommended by plea agreement); A.B.A. Standards for Criminal Justice, Chapter 14, *Pleas of Guilty, Part II, Withdrawal of the Plea 14-2-1.*

Our holding does not create "intolerable delays" or give defendants "excessive leverage" in bargaining, since the decision whether to negotiate at all lies with the prosecution. *People* v. *Wright, supra,* 194 Colo. at 451, 573 P.2d at 553. Nor does it

give defendants an unfair advantage; "it merely assures a fundamentally fair procedure." *Id.*

*Reversed and remanded with leave to the defendant to withdraw plea and leave to the State to amend information to the original charge and for further proceedings.*