## State of Vermont v. Scott Bergerson

[475 A.2d 1071]

No. 82-192

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 10, 1984

*George H. Spangler,* Montpelier, for Defendant-Appellant.

**Gibson, J.** Following a plea of guilty to false pretenses, a violation of 13 V.S.A. § 2002, defendant was sentenced to a term of imprisonment of 6 to 18 months, all suspended but 30 days. He appeals from the judgment of the Vermont District Court, Unit No. 5, Washington Circuit. We do not reach defendant's claims on appeal as the trial court failed to follow the plea agreement procedure as set forth in V.R.Cr.P. 11(e)(4). Because this is plain error, affecting substantial rights of defendant, we reverse and remand.

Defendant was charged with six counts of false pretenses, 13 V.S.A. § 2002, having allegedly executed a number of fraudulent checks totalling $4,139.11. He opened a Vermont checking account by depositing a Colorado check from an account that previously had been closed and then executed numerous Vermont checks which exceeded the deposited amount. All of the checks involved were returned for insufficient funds. Initially, defendant pleaded not guilty. Subsequently, however, he entered into plea negotiations with the state's attorney. At a change of plea hearing defendant withdrew his plea of not guilty and entered a plea of guilty to one count of false pretenses involving $250.00. The other five counts were to be dismissed but, by agreement of the parties, could be considered for the purpose of sentencing. The state's attorney agreed to recommend to the court that no jail term be imposed if the defendant made full restitution in the amount of $4,139.11.

Prior to defendant's change of plea, the trial judge stated:

> I would say if he has no record at all the Court would think very—would not perhaps put him—make him serve any time, or if it did it would perhaps be of very short duration. I can't look into the crystal ball and tell what his prior record is . . . .

Subsequent to this discussion, the court inquired into the voluntary nature of the defendant's change of plea and, apparently satisfied, accepted the guilty plea to one count of false pretenses. The trial judge reserved decision on sentencing until

the arrival of the presentence investigation report (PSI). He stated, "[A]s I mentioned to you . . . I don't want to have my hands tied in saying there wouldn't be any sentence at all, in case something should come to light [in the PSI]. . . . I just don't like to be locked into something when I can't know everything about this gentleman."

At the sentencing hearing, restitution was made by the defendant and the prosecutor recommended that "he not receive any time in jail and that [he] be placed on probation with whatever conditions the Court sees fit." The defense then argued that, because the presentence report contained no charges or convictions of crimes in other states, because defendant's family raised the restitution amount at "great personal sacrifice," and because the defendant had shown personal growth, a term of incarceration should not be imposed.

The trial judge, however, imposed a sentence of six to eighteen months, all suspended but thirty days, a fine of $300.00, financial counseling and mental health screening. Upon defense counsel's evident surprise, the court stated, "I would have thought you must have known he could get a sentence . . . . I didn't promise anything about the—all the sentence being suspended." Defendant's subsequent motion to strike the sentence was denied. The sentence has been stayed pending resolution of this appeal.

■ The making of a guilty plea in Vermont is governed by Rule 11 of the Rules of Criminal Procedure. Rule 11(e) governs "Plea Agreement Procedure" and provides, in part:

> If the court rejects the plea agreement or defers decision upon it, the court *shall* inform the parties of this fact, advise the defendant personally in open court that the court is or may not be bound by the plea agreement, *pursuant to Rule 32(d) afford a defendant who has already pleaded the opportunity to then withdraw his plea,* and advise the defendant that if he persists in his plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

V.R.Cr.P. 11(e)(4) (emphasis added). Plea bargaining has been placed under close judicial scrutiny, and the safeguards contained in Rule 11 have been imposed to insure intelligent waiver of important constitutional rights.

In *State* v. *Belanus*, 144 Vt. 166, 170, 475 A.2d 227, 229 (1984), we held that a defendant who has already entered a plea pursuant to a plea agreement must be given an opportunity to withdraw that plea if the trial court refuses to impose the sentence recommended by the plea agreement. *Id.* at 170, 475 A.2d at 229. A criminal defendant must be given this right to ensure the voluntariness of his or her plea. The concept that a defendant has only bargained for the prosecutor's *recommendation* for a specific sentence rather than for a specific sentence itself is easily misunderstood; an opportunity to withdraw the plea is necessary to remove all " 'taint of false inducement.' " *Id.* at 169, 475 A.2d at 228. A trial court's refusal to impose the sentence recommended by the plea agreement is a "fair and just reason" for withdrawal under Rule 32 (d). *Id.* at 170, 475 A.2d at 229.

In this case the trial court accepted a conditional or provisional plea and then deferred decision on the appropriate sentence to be imposed until after the PSI had been considered. The deferral was made in accordance with Rule 11 (e) (2), which provides that the court "may accept or reject the agreement, or defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report."

The court, however, did not act in accordance with Rule 11 when it subsequently failed to afford defendant an opportunity to withdraw his plea. At no time, either during the change of plea or sentencing hearings, was defendant informed of the right to withdraw his plea.

A plea of guilty must be both knowing and voluntary because in so pleading a defendant waives several constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin* v. *Alabama*, 395 U.S. 238, 243 n.5 (1969). A guilty plea is an admission of all elements of a crime, and, to satisfy a defendant's due process rights, must be obtained voluntarily. *Id.* Although defendant neither moved to withdraw his plea below nor briefed this issue on appeal, the failure of the court, after rejecting the agreement, to afford defendant an opportunity to withdraw his plea "strikes at the very heart" of defendant's most basic constitutional rights, *State* v. *Welch*,

136 Vt. 442, 445, 394 A.2d 1115, 1116 (1978), and thus constitutes plain error. V.R.Cr.P. 52(b). We have addressed the issue upon our own motion because of its "possible adverse effect on the fair administration of justice and the rights of defendant." *State* v. *Moran,* 141 Vt. 10, 20, 444 A.2d 879, 884 (1982).

*Reversed and remanded with leave to defendant to withdraw plea and leave to the State to amend information to the original charge and for further proceedings.*