**In re Linwood Berrio**

[481 A.2d 1057]

No. 82-383

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 10, 1984

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *Steve Dunham,* Franklin County Public Defender, St. Albans, for Petitioner-Appellee.

*Philip H. White,* Orleans County State's Attorney, Newport, for Respondent-Appellant.

Billings, C.J. The State appeals from an order of the Orleans Superior Court granting the defendant's request for post-conviction relief pursuant to 13 V.S.A. § 7131. The court struck defendant's concurrent, split sentences of seven to ten years, with two and one half to three years to serve for attempted kidnapping and ten to twelve months to serve for simple assault, and remanded for resentencing. The court based its order on the ground that the sentencing court had considered information contained in the presentence investigation report regarding alleged criminal activity not supported by a conviction, in violation of *State* v. *Williams,* 137 Vt. 360, 364, 406 A.2d 375, 377 (1979) ("mere assertions of criminal activities" may not be used "in any way in aid of determining [sentencing] disposition"). The State argues on appeal that the defendant waived objection to the *Williams* information at the time of sentencing. In view of our disposition of this appeal, however, we do not reach the waiver issue.

The defendant was originally charged, in 1980, with kidnapping, 13 V.S.A. § 2401, aggravated assault, 13 V.S.A. § 1024, and simple assault, 13 V.S.A. § 1023 (a) (1). Pursuant to a plea agreement, the defendant agreed to plead guilty to amended charges of attempted kidnapping and aiding in the commission of a simple assault. In exchange, the State agreed to recommend a term of imprisonment of three to five years. The court accepted the defendant's pleas of guilty to both amended charges, deferred decision as to whether it would accept the plea agreement, and ordered a presentence investigation report. At the sentencing hearing, held in August, 1981, a stipulation was filed with the court in which the parties agreed

8

to further amend the plea agreement by reducing the State's sentence recommendation from three to five years to two to four years. The State explained that the amended plea agreement was the result of a conclusion reached by the probation officer responsible for the presentence investigation that the State's case against the defendant might be tainted by wrongdoing on the part of the state police. Notwithstanding, the defendant agreed to go forward with the sentencing hearing, on the basis of the amended plea agreement. At the conclusion of the hearing, the court rejected the State's sentencing recommendation and imposed the seven to ten year split sentence.

When a sentencing court rejects the recommended sentence in a plea agreement, before imposing a greater sentence, it must, consistent with basic notions of judicial fairness, afford the defendant an opportunity to withdraw his guilty or nolo plea. V.R.Cr.P. 11(e)(4) ; State v. Belanus, 144 Vt. 166, 475 A.2d 227 (1984). Although the defendant raises this issue for the first time on appeal, the failure of the sentencing court to follow the plea agreement procedure outlined in V.R.Cr.P. 11(e)(4) "strikes at the very heart" of the defendant's "most basic constitutional rights" and therefore constitutes plain error. State v. Bergerson, 144 Vt. 200, 475 A.2d 1071 (1984). And while the decision in Belanus was handed down after the date of defendant's sentencing, it retroactively affected any criminal case that was then on direct review. State v. Shattuck, 141 Vt. 523, 529, 450 A.2d 1122, 1125 (1982).

The order of the superior court striking the defendant's sentence is affirmed; cause remanded with leave to the defendant to withdraw his pleas and leave to the State to amend the informations to the original charges and for further proceedings.