**STATE of Vermont v. Robert E. WALLACE**

[532 A.2d 971]

No. 86-304

August 14, 1987. Defendant was charged with lewd and lascivious conduct and simple assault arising from a failed seduction at a bar in Stowe, Vermont. At trial, the jury convicted defendant of the simple assault, but could not reach agreement on the lewd and lascivious conduct charge. A mistrial was declared as to that charge.

Thereafter, the State offered to reduce the lewd and lascivious conduct charge to simple assault. A comprehensive plea bargain was struck which required defendant to plead nolo contendere to an amended charge of simple assault. In exchange for the plea, the court was "to impose concurrent sentences of 1-12 months suspended with probation—no time to serve; $300 fines on each count . . . ."

The plea agreement was submitted to the court. At sentencing, the State introduced testimony by the victim who testified in favor of incarceration. Thereafter, the trial judge stated, "Well regarding your plea agreement, I will accept your agreement regarding charge two, but not as to charge one," and imposed a jail sentence inconsistent with the "no time to serve" language of the plea agreement.

Defendant appeals, contending it was reversible error for the State to enter a plea agreement recommending no incarceration and then at sentencing to offer victim testimony urging incarceration. We do not reach the issue raised by defendant in light of the plain error revealed by the record below.

The court below failed to follow the procedure outlined in V.R.Cr.P. 11 by not affording defendant an opportunity to withdraw his plea after the court rejected the plea agreement in favor of a harsher sentence than that contemplated by the agreement. V.R.Cr.P. 11(e)(4). This constituted plain error and requires remand. *In re Berrio*, 145 Vt. 6, 8, 481 A.2d 1057, 1058 (1984). We address the issue on our own motion because of the possible adverse effect on the fair administration of justice and the rights of defendant. *State v. Bergerson*, 144 Vt. 200, 204, 475 A.2d 1071, 1074 (1984).

*Defendant's sentence is vacated; cause remanded for resentencing on the count on which defendant was found guilty by the jury, and with leave to defendant to withdraw his*

*plea to the amended count and leave to the State to reinstate the original charge if defendant withdraws his plea.*