**STATE of Vermont v. John P. TURGEON**

[641 A.2d 88]

No. 92-445

September 16, 1993. Defendant contends his right to due process was violated when the intent of his plea bargain with the State was not fulfilled. Defendant entered into plea agreements with state and federal authorities, hoping to serve concurrent state and federal sentences. Defendant was first sentenced by the state court. Defendant was then sentenced by the federal court, which ordered that two sentences of 120 months should be served consecutively, but not to begin until after defendant completed 120 months of his state sentence, or upon release from state custody, whichever occurred first. The federal court's intent was to sentence defendant to 360 months, and it used the state sentence to fulfill the first 120 months. In effect, it was partially concurrent and partially consecutive. This order lengthened the sentence "expected" by ten years. Defendant then requested relief in state court, in accordance with his plea bargain, that the state and federal sentences be served concurrently. The relief was properly denied because the state is a separate sovereign and has no authority to require the federal court to impose a sentence consistent with the terms of a state plea agreement. On appeal, defendant argues for specific performance of the plea bargain, and requests that the commencement of his state sentence be delayed until October 7, 2000, the date on which his federal sentence is ordered to begin.

Although the intent of the parties to the state plea agreement was that defendant's sentences would run concurrently with the federal sentence, all parties were informed by the court, and acknowledged, prior to acceptance of the plea, that the state court did not have the power to compel that result. Subsequent action by the federal court, not the state's attorney, rendered the plea agreement incapable of enforcement. The State fulfilled, to the extent it could, its end of the bargain. *State v. Day*, 147 Vt. 93, 95, 511 A.2d 995, 997 (1986). Thus, specific performance of the state plea agreement is not the appropriate relief.

Rather, the issue in this case is what relief is appropriate if the trial court cannot enforce the intent of the plea agreement. When a trial court refuses to impose the sentence recommended by a plea agreement, the defendant who entered the plea agreement must be given an opportunity to withdraw that plea. *State v. Belanus*, 144 Vt. 166, 170, 475 A.2d 227, 229 (1984). Similarly, where the trial judge cannot, because of jurisdictional limitations, impose the sentence recommended by the plea agreement, the proper remedy is not specific performance, but to allow defendant to withdraw his pleas. In light of the unexpected results of the federal sentencing and the clear intent of the plea agreement, defendant may withdraw his guilty pleas and proceed to trial.

Defendant also claims, and the State concedes, that the trial court, in responding to defendant's motion to reduce sentence, erroneously raised the minimum to be served from 15 years to 18 years. The order correcting the sentences is reversed and remanded to the sentencing court for redetermination of this issue.

*The sentences are vacated and the cause remanded with leave granted defendant to withdraw his guilty pleas if he be so advised and for the trial court to redetermine defendant's minimum sentence if he does not withdraw his guilty pleas.*