**STATE of Vermont v. Duane PLACEY**

[730 A.2d 571]

No. 98-007

February 22, 1999. Defendant appeals from a district court order denying his motion to withdraw a guilty plea to a charge of aggravated domestic assault. Defendant contends the court abused its discretion in denying the motion because the court had rejected the agreement on which the plea was based. We agree, and reverse.

Defendant was separated from his wife, Karen Placey, and subject to an abuse prevention order. He had suspected for some time that Karen was having an affair with Bert Wheeler. Early one morning in October 1996, defendant left a bar and drove to his wife's house, in violation of the abuse prevention order. He saw Wheeler's vehicle in the driveway. Defendant continued past the house and parked in a neighbor's driveway. Taking a hunting knife, he walked to his wife's house and attempted to break in through two locked windows. Failing that, he returned to the car for a pry bar and used it to force entry through another window, after first disconnecting telephone service to the house.

Defendant forced his way into a second-floor bedroom, where he found his wife and Wheeler asleep in the bed. De-fendant then stabbed Wheeler over twenty times. Defendant also stabbed his wife several times, apparently unintentionally, as she tried to stop him. Finally defendant stopped when he realized that his two daughters were watching. Defendant then took his wife to the dining room where he sexually assaulted her orally, vaginally, and anally. Defendant then left the residence with his wife and daughters after first setting fire to the house. The house burned to the ground. Wheeler's body was later found outside the house, where he had apparently managed to escape before dying.

Defendant was originally charged with four offenses: first degree murder, aggravated domestic assault, aggravated sexual assault, and arson. After several months, the parties reached a plea agreement pursuant to which the State would dismiss the arson count, amend the first-degree murder charge to manslaughter, and amend the aggravated sexual assault charge to sexual assault. Defendant would plead guilty to the two amended charges and the aggravated domestic assault, and receive sentences of ten to fifteen years for the manslaughter, five to twenty years for the sexual assault, and ten to fifteen years for the aggravated domestic assault, all consecutive, for an aggregate sentence of twenty-five to fifty years.

At the change of plea hearing, the court questioned the parties closely concerning the agreement. Both the prosecutor and defense counsel defended it, explaining that it had been reached after extensive discovery and consideration of the evidence, the victims' desire for closure, and defendant's record. After further questioning by the court, the State amended the charges to reflect the plea agreement, and indicated that those would be the charges against defendant if the case proceeded to trial. The State's decision to amend the charges was unilateral, and without regard to any agreement or quid

pro quo. Following the amendment, the court agreed to accept the guilty pleas and defer the matter for a full sentencing hearing, at which time it would determine whether the proposed sentences were acceptable. Defendant thereupon pleaded guilty to manslaughter, sexual assault, and aggravated domestic assault, and the court continued the sentencing hearing and ordered a presentence investigation report.

After a two-day sentencing hearing, the court concluded that the recommended sentence was not proportionate to the undisputed facts of the offenses, and unequivocally rejected the plea, stating: "I cannot accept the plea agreement. I will not accept this plea agreement." However, with defendant's concurrence, the court proceeded to set forth the sentence that it would impose, leaving defendant free to accept the sentence or withdraw his plea. The court proposed a sentence of fourteen to fifteen years for the manslaughter, fifteen to twenty years for the sexual assault, and six to fifteen years for the aggravated domestic assault, all consecutive, for an aggregate sentence of thirty-five to fifty years.

Following a recess, defendant accepted the sentence on the manslaughter and sexual assault charges, for an aggregate sentence of twenty-nine to thirty-five years, but decided to withdraw his plea on the aggravated domestic assault charge. The court questioned defendant's right to withdraw his plea to that charge inasmuch as the proposed sentence, six to fifteen years, was less than the agreed-upon sentence of ten to fifteen years. The prosecutor took no position. The court ultimately sentenced defendant on the manslaughter and sexual assault counts, and referred the withdrawal issue to the judge who would try the case.

Defendant thereafter filed a motion to withdraw his plea. The State did not oppose the motion or file any written response. The successor court denied the motion without a hearing, ruling that defendant could not selectively "take[] advantage of the benefit of the bargain" by accepting the sentence on two counts, while rejecting a sentence on the third that was less than the recommendation. Accordingly, the motion to withdraw was denied. This appeal followed.

Under our rules of criminal procedure, if a motion to withdraw a plea is made before a sentence is imposed or deferred, "the court may permit withdrawal of the plea if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d). When a court rejects a plea agreement, it must advise the defendant that the court is not bound by the agreement, and "pursuant to Rule 32(d) afford a defendant who has already pleaded the opportunity to then withdraw his plea." V.R.Cr.P. 11(e)(4). As the Reporter's Notes to Rule 11 explain, "the sentencing judge's unwillingness to impose the sentence agreed upon is always a 'fair and just reason' [under Rule 32(d)] for withdrawal." Reporter's Notes, V.R.Cr.P. at 51.

In this case, defendant's right to withdraw his plea was clearly established when the court unequivocally rejected the plea agreement. See *State v. Bergerson*, 144 Vt. 200, 203, 475 A.2d 1071, 1073 (1984) (defendant who has already entered plea pursuant to plea agreement must be given opportunity to withdraw that plea if trial court refuses to impose sentence recommended by plea agreement). After rejecting the plea, the court proposed alternative sentences on each count. Defendant was entitled at that point to accept or reject the court's proposal. His decision to accept the alternative sentences on manslaughter and sexual assault, and reject the alternative sentence on aggravated domestic assault, was not a selective choice among the "benefits of the bargain." The "bargain" had been rejected.

Indeed, we note that at no time during the sentencing, or the subsequent withdrawal-of-plea proceedings, did the State question defendant's right to reject the proposed sentence on aggravated domestic assault, or oppose his withdrawal-of-plea motion. At no time did the State take the position, which it belatedly asserts here, that the plea agreement remained in effect and enforceable. It is a fundamental tenet that arguments not raised below will not be considered on appeal. See *State v. Caron*, 155 Vt. 492, 510, 586 A.2d 1127, 1137 (1990).

For these reasons, therefore, we conclude that the court's decision to deny the motion to withdraw the guilty plea was in error.

*Reversed.*