*391 Eaton, J.,
¶ 12. concurring. I concur with the result reached here. I write separately to address a concern mentioned, but not substantively addressed, by the majority.
¶ 13. The record shows that after being convicted of a third DUI, defendant filed a motion seeking to seal the files and records relating to two prior DUI convictions, asserting in support of the motion that he was charged with these offenses when he was twenty-one years old or younger. However, the law in effect at the time, 33 V.S.A. § 5119(g), provided that such records could be sealed only if the offenses were committed prior to the defendant reaching the age of twenty-one. According to the record, defendant apparently was nearly twenty-two years old at the time of the commission of the second DUI offense. If such was the case, defendant was not entitled to have the record of his second DUI conviction sealed because the offense occurred when defendant was too old to have it sealed under the terms of the sealing statute.
¶ 14. Unlike the majority, I believe the Court should address this issue even though it has not been raised by either party in this appeal. First, defendant’s motion misstated the law at the time it was filed. Every motion must include a concise statement of the law relied upon. V.R.Cr.P. 47(a) (“An application to the court for an order shall be by motion which . . . shall state the grounds therefor, including a concise statement of the facts and law relied on”). Implicit in this requirement is that the statement be an accurate reflection of the law relied upon. The extent to which the inaccurate recitation of the statute in defendant’s motion contributed to the court’s granting of the request to seal cannot be certain, but there is an obligation to correctly represent the law in pleadings made to the court. That obligation was not met.
¶ 15. More important, it is incumbent that those coming before the Court receive equal protection under the law. It is our responsibility “to do equal right and justice to all persons.” Vt. Const, ch. II, § 56. Necessarily, this must start by applying the law accurately. The statute involved is not one open to interpretation. Either the crimes for which sealing is sought were committed before defendant reached twenty-one, or they were not. If defendant’s date of birth and the date of the second DUI offense are correct, defendant received a benefit through the sealing of the second DUI conviction that he was not legally *392 entitled to receive, and for which there was no authority for the court to grant his request. By ignoring this error, we are left in the position that the next person similarly situated, who has the law correctly applied, will have his or her request to seal denied, while defendant goes forward with the benefit of an improperly sealed conviction. I do not see how it is fair or equal treatment to others who cannot get their records sealed to allow this error to stand by turning a blind eye to it “because it was not raised on appeal.”
¶ 16. The relief being sought by defendant in this appeal requires us to consider the impact, if any, of the sealing of the prior convictions. I believe this is sufficient to bring the propriety of the sealing of those convictions into issue, especially where it appears from the record that the court acted erroneously and without authority in doing so. See State v. Bergerson, 144 Vt. 200, 204, 475 A.2d 1071, 1074 (1984) (addressing, sua sponte, issue not raised or briefed “because of its ‘possible adverse effect on the fair administration of justice’ ”) (citation omitted). While I agree that the court should be affirmed, I would direct the criminal division to examine whether an error was made in the sealing of the second DUI conviction and to apply the sealing statute correctly as the facts may come to be revealed.