# State of Vermont v. Leon Walter Cross, Jr.

[451 A.2d 1149]

No. 392-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

Motion for Reargument Denied October 5, 1982

*William D. Wright* and *K. James Malady,* Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellee.

*Charles D. Carrington,* Danby, for Defendant-Appellant.

**Peck, J.** Defendant Leon Cross, Jr., appeals from an order of the Bennington District Court denying his motion to withdraw his plea of guilty to the charge of simple assault. 13 V.S.A. § 1023(a)(1).

On June 10, 1981, defendant entered into a plea agreement with the prosecution. The agreement provided that in return for a plea of guilty to the charge (1) a presentence report would be ordered, V.R.Cr.P. 32(c)(1), (2) the State would concur with any recommendations in the report, (3) if the report recommended confinement, the State would recommend no more than three months to serve, and (4) defendant's attorney could argue for a lesser sentence than any recommended in the report. The trial court conducted a Rule 11 hearing on the agreement, V.R.Cr.P. 11, and, with the concurrence of defendant's attorney, stated it intended to "take a provisional plea," thereby permitting it to reject any recommendations and allow defendant to stand trial if after reviewing the presentence report it determined the agreement inappropriate.

The presentence report was filed with the court on July 31, 1981, and it contained the recommendation that defendant not be granted probation because of his history of aggressive behavior. On August 7, 1981, defendant moved to withdraw his guilty plea pursuant to V.R.Cr.P. 32. Although the motion did not specify its grounds, at hearing defendant offered several grounds: that he was entitled to withdraw the plea as a matter of right, that he believed the presentence report was erroneous, and that he was working and would lose his job if incarcerated. The court denied the motion stating defendant "failed to show any fair and just reason for the withdrawal of his plea," and entered a judgment of guilty to the charge.

At sentencing, the State recommended defendant be sentenced for a period of 6–12 months, all suspended except 3 months to serve. The trial court adopted the State's recommended sentence. Defendant appeals, asserting that the court erred in denying his motion to withdraw his plea of guilty, and that it imposed a sentence beyond the scope of the agreement.

Defendant's first argument is devoid of merit. The trial court, although using the term "provisional plea," clearly accepted the plea bargain in the manner required by V.R.Cr.P. 11(e)(3). Accordingly, the propriety of the court's denial of defendant's motion to withdraw his plea is governed by V.R.Cr.P. 32(d). Since the motion was made before sentence was imposed, "the court may permit withdrawal of the plea if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." *Id.*

The trial court applied the standards of Rule 32(d) and concluded that defendant failed to show any fair and just reason for permitting him to withdraw his plea of guilty. We believe this decision was within the sound discretion of the court; a defendant has no absolute right to withdraw his guilty plea. *State* v. *Scelza,* 134 Vt. 385, 386, 359 A.2d 660, 660 (1976). "The burden was upon the defendant to establish the facts which [he] alleged entitled [him] to relief." *Id.* Defendant failed to sustain this burden. None of his proffered reasons constitute valid grounds mandating that he be allowed to withdraw his guilty plea.

Defendant's second claim of error is equally unpersuasive. He asserts that since the presentence report did not specifically recommend a term of imprisonment, the imposition of a three-month jail term was in violation of the plea agreement. This argument plays games with the plain meaning of the terms of the agreement and the report. The report stated defendant "was not a candidate for probation," which obviously constituted a recommendation of some period of incarceration. Thereafter, acting in strict compliance with the agreement, the State asked the court to impose an actual sentence of three months imprisonment—which the court did.

There is no evidence to support defendant's claim that the plea agreement was not followed in its entirety by the State and the trial court. Defendant cannot now repudiate the agreement he knowingly and voluntarily entered into simply because he is dissatisfied with its consequences.

*Affirmed.*