**STATE of Vermont v. Todd MASSE**

[674 A.2d 1253]

No. 94-660

December 22, 1995. Defendant Todd Masse appeals the Franklin District Court's revocation of his probation, arguing that the court applied the wrong standard for revocation of probation and that his probationary term had expired before the probation violation. We affirm.

Defendant pled nolo contendere to the charge of lewd and lascivious conduct with a child. The court sentenced defendant to a term of three and one-half to five years, suspended except for six months to serve. Defendant was placed on probation "until further order of the Court."

After defendant served his six-month sentence, his probation officer referred him to a sex offender treatment program in Burlington. Defendant lived in Franklin County, but no treatment program was offered there at that time. On November 24, 1988, the probation officer filed a violation of probation complaint because defendant failed to satisfactorily participate in the Burlington treatment program. On March 29, 1989, the district court dismissed the complaint because it found that defendant's nonparticipation was due to his financial circumstances. By letter dated April 6, 1989, defendant's probation officer requested that defendant be discharged from probation because he had complied with the conditions of probation and no sex offender treatment was available to him. The court denied the request, writing, "Denied. Wait until March 29, 1990," at the bottom of the discharge request letter.

In 1991, Kraig Libstag, a psychologist specializing in sex offender treatment, initiated an outpatient sex offender treatment program in St. Albans. Defendant's probation officer referred him to the program, and his participation began on August 12, 1991. When attending the sessions, defendant was reluctant to discuss his offense. Mr. Libstag thought that defendant's attitude negatively affected the treatment group. Defendant missed four of nine sessions and failed to satisfactorily complete his homework assignments. He was eventually terminated from the program.

In October 1992, defendant's probation officer once again referred him to the St. Albans sex offender treatment program, then under the supervision of Douglas Barnes-Flint. During treatment sessions, defendant engaged in denial. He shifted

responsibility for his crime, attributing his offense to his drinking, an argument with the victim's mother, and the seductiveness of the five-year-old victim. He also portrayed himself as a victim of the state agencies responsible for supervising his probation and protecting the victim. Of a twenty-eight chapter workbook, defendant completed only four chapters — the lowest completion rate for the entire treatment group. Although the participants were required to maintain journals, defendant handed in only one journal entry during the thirteen months he participated in the treatment program. He was also unwilling to share his thoughts and feelings, and he failed to provide feedback to others in group discussions. In June 1993, defendant slept through a film about denial and therefore was unable to participate in the group discussions that followed the film.

Toward the end of his participation in the treatment program, defendant encountered difficulty paying the $10 per week treatment fee. Defendant's probation officer investigated community service in lieu of payment, but stopped pursuing this option when he discovered that defendant and his wife were spending $65 per month on cable television and cigarettes. After defendant failed to pay overdue fees, Mr. Barnes-Flint informed defendant that he was on "probation" with respect to his status in the treatment program. Shortly thereafter, defendant stopped attending the treatment sessions.

On November 29, 1993, defendant's probation officer filed a violation-of-probation complaint, alleging that defendant had violated condition number seven: "You shall actively participate in mental health and sex offender counseling to the satisfaction of your probation officer." The complaint alleged that defendant "has been terminated from his Sex Offender Treatment group by his therapist, Douglas Barnes-Flint . . . for missing group sessions, failing to make payments

for treatment, not participating in group [therapy], and not doing his homework as assigned." The district court found that defendant had violated his probation, and defendant appeals.

## I.

Defendant argues that the court erroneously redefined the issue for decision and therefore applied the wrong standard for revocation of probation. The district court defined the issue as "not whether the defendant was properly terminated from the group treatment programs to which he was directed, but rather whether he satisfactorily participated in those groups." Defendant argues that the decision as to whether he satisfactorily participated in his therapy program was not for the court to determine but for his therapist and probation officer to determine. He contends that if one or more of the motivating factors behind his termination from the program was unconstitutional, the court must determine whether the therapist and probation officer would have made the same decision if they had considered only constitutionally permissible reasons. We disagree.

In essence, defendant argues that if a condition of probation gives the probation officer discretion, the court must review the exercise of discretion rather than the merits of probationer's violation of probation. The inclusion of the words "to the satisfaction of the probation officer" in the condition of probation does not change the nature of the court's decision. Those words merely express what is true of all probation conditions: that the Commissioner of Corrections, acting through the probation officer, has the discretion whether to file a violation-of-probation complaint based on a probationer's alleged violation of a condition of probation. See 28 V.S.A. § 202(1) (commissioner has power to maintain supervision of persons on probation); id. § 201 (probation is subject to conditions imposed by court and

subject to supervision of commissioner); *id.* § 252(b)(2), (8), (11) (listing statutorily authorized conditions of probation that contemplate discretionary authority of probation officer). Although this Court has reviewed the revocation of probation based on the violation of similarly worded probation conditions, it has never required the trial courts to apply an abuse-of-discretion review under the circumstances. Cf. *State v. Peck*, 149 Vt. 617, 620, 547 A.2d 1329, 1331 (1988) (not error for court to find that defendant's refusal to admit to facts of offense during therapy was knowing failure to "complete counseling to full satisfaction of probation officer").

Defendant cites *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), as authority for his position. *Mt. Healthy* involved a civil rights suit brought by an untenured public school teacher whose employment had not been renewed by the school board for unconstitutional reasons. Because an untenured teacher could have been terminated for no reason whatsoever, the Court did not review the merits of the school board's decision. *Id.* at 283. The purpose of the Court's review was to determine whether the school board had terminated him for a reason that infringed upon his constitutional rights. *Id.* at 283-84.

According to the Vermont probation statute, however, the role of the court is to determine the merits of probationer's probation violation. See 28 V.S.A. § 303(a) (probation shall not be revoked by court unless probationer violates condition of probation); see also *State v. Millard*, 149 Vt. 384, 385, 543 A.2d 700, 701 (1988) (State must prove by preponderance of evidence that defendant had failed or refused to abide by one or more of conditions after entering into probation agreement). Defendant's attempt to recast the issue in terms that make this case analogous to *Mt. Healthy* is unavailing; under the probation statute and Vermont case

law, the court's role in probation revocation is different from the court's limited role in *Mt. Healthy*.

Here, the court based its decision on factors that are unquestionably constitutional. The court concluded that defendant did not satisfactorily participate in the sex offender treatment program because of his poor attendance, his reluctance to discuss his offense during group therapy, his unwillingness to share his thoughts and feelings or give adequate feedback in group therapy, his failure to complete his homework assignments, and his unwillingness to take responsibility for his crime. The court expressly chose not to consider defendant's termination from group therapy because of the possibility that he was terminated for lack of payment. The court's conclusion that defendant violated a condition of his probation is not rendered erroneous merely because the complaint alleged failure to make payments as a factor for defendant's termination from treatment. See *State v. Sanborn*, 155 Vt. 430, 433-34, 584 A.2d 1148, 1150-51 (1990) (revocation upheld even though violation-of-probation complaint listed probationer's failure to pay for treatment because other aspects of probationer's nonparticipation in treatment were unconnected to payment obligation). Further, the court made no findings on, and chose not to consider, defendant's unwillingness to admit acts that, while contained in the charge to which he pled nolo contendere, he has denied committing. Therefore, it was not clearly erroneous for the court to conclude that defendant did not satisfactorily participate in group treatment programs and that he thereby violated a condition of his probation.

## II.

Defendant also contends that his probation had previously been modified and that the probation violations occurred after his probation had expired under the

terms of the alleged modification. The court's notation, "Wait until March 29, 1990," at the bottom of the probation officer's discharge request letter does not constitute an order of the court modifying the duration of defendant's probation. The notation neither appears in the proper form nor contains language that is the indicia of a court order. Moreover, neither the Department of Corrections nor defendant prepared for the expiration of defendant's probation on March 29, 1990 or otherwise acted in a manner consistent with the interpretation that defendant now advances. Therefore, defendant's probation had not expired at the time he was found to have violated the condition of probation.

*Affirmed.*