### State of Vermont v. James E. Fisk

[682 A.2d 937]

No. 93-545

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Teachout, Supr. J., Specially Assigned**

Opinion Filed May 10, 1996

Motions for Reargument Denied May 31, 1996 and June 28, 1996

*Peter R. Neary*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Robert Appel*, Defender General, *Henry Hinton*, Appellate Defender, Montpelier, and *James E. Fisk*, pro se, for Defendant-Appellant.

**Morse, J.** Defendant James Fisk appeals the district court's denial of his motion to withdraw a plea of nolo contendere. His motion was premised on his alleged lack of awareness that his sentence for sexual abuse of a minor might require him to admit his guilt as a part of treatment or face incarceration. Defendant claims the trial court abused its discretion in denying his motion to withdraw. We affirm.

"[T]he court may permit withdrawal of [a nolo contendere] plea if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d). The trial judge has discretion when deciding whether to allow withdrawal. *State v. Cross*,

142 Vt. 44, 46, 451 A.2d 1149, 1150 (1982). The test is an objective one; if defendant's justification for withdrawal is unreasonable under the circumstances, the motion should be denied.

Defendant asserts that he would not have pled nolo if he had known that he might be sentenced to sex offender treatment and be required to admit guilt. Defendant argued that he was denied important information that would have had a critical impact on his decision.

■ Defendant contends that although he has consistently maintained his innocence, the trial court and prosecutor have treated him "as if he had admitted his guilt." A plea of nolo contendere, however, is not a claim of innocence under the rule. The rule provides that a nolo plea "shall have the same effect as a plea of guilty," except that it is inadmissible against the defendant in subsequent criminal or civil proceedings. V.R.Cr.P. 11(b), (e)(5). Accordingly, a nolo plea authorizes the court to treat the defendant as though he is guilty. *State v. Peck*, 149 Vt. 617, 622, 547 A.2d 1329, 1332 (1988).

■ Here, the plea agreement and the waiver of rights provision that defendant signed, along with the certification signed by his attorney, belie defendant's argument that he has always maintained his innocence. The waiver of rights portion of the plea agreement reads in relevant part:

> I do not deny that I committed the essential parts of the charge contained in the Information. . . . I ask the Court to accept my plea, *making no claim of innocence.* I ask the Court to accept my plea with the understanding that the Court will then proceed to sentence me as required by law.

(Emphasis added.)

Next, relying on *State v. Coleman*, 160 Vt. 638, 632 A.2d 21 (1993) (mem.), defendant argues that the jail sentences imposed are more than he bargained for when he entered his plea. In *Coleman*, we affirmed the trial court's denial of defendant's motion to clarify or modify his conditions of probation and remanded for further proceedings, with leave to defendant to withdraw his nolo plea if he desired. *Id.* at 640, 632 A.2d at 23. Coleman had entered an *Alford* plea to lewd and lascivious conduct. In doing so, he agreed to a conviction for the crime, while maintaining his innocence, as permitted by *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Defendant's reliance on *Coleman* is misplaced, however; there is a fundamental inconsistency between an *Alford* plea and a probation condition that requires an

admission of guilt. That inconsistency does not exist when the plea is not premised on *Alford.*

Defendant, nevertheless, claims he was denied information critical to his decision because he was not informed "that as a sexual offender he would have to admit his participation, his guilt, if he were ever to receive any consideration" in terms of parole. Defendant asserts that he was deceived by the trial court and the prosecutor and that he is in a "Catch 22" because he must admit guilt or face additional jail time. This argument is unpersuasive for several reasons.

As we have already noted, a nolo plea is not a claim of innocence. Further, a defendant has no right to advice from the court or his attorney regarding parole eligibility. *In re Moulton*, 158 Vt. 580, 584, 613 A.2d 705, 708 (1992). Defendant's attorney testified that he signed the plea agreement certification that provides, "As the attorney of record I have fully discussed this case with the defendant and have explained each of the above rights to the defendant." Defendant presents no claim of ineffective assistance of counsel and even refused to waive his attorney-client privilege to allow his attorney to explain any differences between the language of the plea agreement and what defendant understood it to mean.

Defendant points to the trial court transcript of the hearing when he entered his plea. In that hearing, the judge asked defendant, "Do you admit then that there's a factual basis for you to enter a nolo plea to the charge of sexual assault . . . ?" Defendant responded, "You're asking me if I want to admit to that?" Defendant's attorney requested that the court rephrase the question and ask that defendant "does not contest that the State could prove [the crime] beyond a reasonable doubt." The court used this phraseology for the remaining counts and defendant did not contest. Defendant highlights this reluctance to admit guilt and argues this is equivalent to a claim of innocence.

██ ██  To support withdrawal of the plea, a defendant must provide objective evidence to demonstrate that his subjective misunderstanding was reasonable. *In re Stevens*, 144 Vt. 250, 255, 478 A.2d 212, 215 (1984). Otherwise, every plea would be subject to successful attack. *Id.* at 255-56, 478 A.2d at 215. The signed plea agreement and accompanying certification offer objective evidence of defendant's understanding and show that defendant made no claim of innocence. In fact, defendant admitted the State could prove the elements of sexual assault. It was reasonable for the trial court to deny withdrawal given that there was no objective evidence indicating that

defendant did not understand the nature or consequences of his plea.

*Affirmed.*

**Dooley, J.,** dissenting. This case presents a recurring problem in prosecutions for sexual assault where an attempt to settle on inconclusive terms produces an unsatisfying result to one or both parties. See, e.g., *State v. Coleman*, 160 Vt. 638, 632 A.2d 21 (1993) (mem.). In refusing to face squarely the basic flaws in such illusory settlements, the majority departs from our longstanding policy that presentence motions for withdrawal of plea are to be liberally granted. The result is unjust and prompts me to dissent.

The trial court's holding lies in the following two sentences:

> While the court recognizes that its discretion to act on the withdrawal of the plea must be exercised liberally in favor of the withdrawal, the court concludes that the defendant voluntarily and informedly entered into the plea agreement and a simple change of mind or assertion of innocence in the face of a nolo contendere plea are not fair and unjust reasons that outweigh the prejudice to the State of trying to prepare their four young witnesses for what will certainly be a difficult and traumatic experience. The defendant's third argument is not a basis for the relief sought because his Plea Agreement merely capped the outer limits of the recommended sentence and committed the parties to argue all other aspects before the court after the receipt of the PSI.

It takes only a cursory reading of our cases to know that the sentence imposed on defendant would include a standard condition that defendant participate in programs to which he was referred by his probation officer and would also probably contain a specific direction to participate in a sexual-behavior counseling program. See, e.g., *State v. Masse*, 164 Vt. 630, 631-32, 674 A.2d 1253, 1255 (1995); *State v. Gleason*, 154 Vt. 205, 208, 576 A.2d 1246, 1248 (1990). A similar cursory reading will show that defendant's refusal to admit he committed the crime during counseling will result in termination from any program and, as a result, a violation of terms of probation warranting revocation. See *Gleason*, 154 Vt. at 208-09, 576 A.2d at 1248-49.

I seriously question whether we should allow nolo contendere pleas in sexual abuse or assault cases. See V.R.Cr.P. 11(b) (nolo contendere plea may be entered only with consent of court). The purpose of this type of plea is to prevent it from being admitted in other criminal or civil proceedings as evidence of guilt. See V.R.Cr.P. 11(e)(5). Thus, a

nolo plea "is simply a device by which the defendant may assert that he does not want to contest the issue of guilt or innocence." 2 W. LaFave & J. Israel, Criminal Procedure § 20.4(a), at 636 (1984). The nolo plea allows the defendant to avoid many collateral consequences of his failure to be exonerated.

For many compelling reasons, we do not allow convicted sexual abusers to be passive about their crime or to avoid collateral consequences. If defendant will not admit his crime, he will end up in jail serving the maximum sentence imposed, here twenty years. If he admits the crime, the admission will be admissible against him, eliminating the protection from the nolo plea.

Defendant signed a plea bargain that allowed him to plead nolo contendere and limited the State to recommending concurrent sentences of five to twenty years on each count, all suspended with probation, except for four years to serve. The nolo plea and the split sentence are basically inconsistent. If defendant maintains his innocence, which is the only purpose of the nolo plea, the sentence will likely be twenty years in jail, and the parts of the sentence favorable to defendant, the probationary period and the short minimum sentence, are largely irrelevant. It is possible that a criminal defendant knowing and understanding all of the above would enter into this plea agreement willingly, but it is highly unlikely. I find it impossible to deny the high likelihood of misunderstanding.

Prior to this opinion, I could justify the allowance of illusory plea agreements on the basis that the discretion provided by V.R.Cr.P. 32(d) "must be exercised liberally in favor of withdrawal of the plea." *State v. Belanus*, 144 Vt. 166, 169-70, 475 A.2d 227, 229 (1984); see also Reporter's Notes, V.R.Cr.P. 32(d) ("liberality [in granting motion to withdraw] is *clearly mandated* under this rule prior to sentence") (emphasis added). We applied this standard in a comparable case, *State v. Hamlin*, 143 Vt. 477, 468 A.2d 557 (1983), where the State failed to disclose the defendant's complete criminal record during discovery, specifically the presence of a DUI conviction. As a result of the inadequate information, the defendant's counsel advised the defendant to plead guilty to grand larceny and seek a deferred sentence. When the DUI conviction surfaced during sentencing, the trial court refused a deferred sentence and also refused to permit the defendant to withdraw his guilty plea. Even though the defendant should have informed his counsel of his criminal conviction record, we accepted the defendant's explanation that he was confused about the nature of the conviction and held that "[a]bsent some showing of

deceit or other improper motive," the defendant must be allowed to withdraw his plea. *Id.* at 482, 468 A.2d at 560.

Anything approaching the liberality applied in *Hamlin* would require us to allow the plea withdrawal here. Defendant consistently refused to admit guilt throughout this proceeding. The day after the plea, defendant met with the probation officer and was told the ramifications of maintaining his innocence during treatment. He immediately indicated that he would withdraw his plea, and, through new counsel, made a prompt motion to do so. The motion, signed and sworn to by defendant, stated "he has become aware since the entry of the no contest plea that in order to receive appropriate consideration by correctional authorities in a sex offense, he will have to admit to his involvement and he cannot in good conscience do this." There is no suggestion that he has misrepresented the state of his knowledge or that he acted out of "deceit or other improper motive." See *id.*[1]

I must view this decision as the death knell for the doctrine that the court's discretion must be exercised liberally in favor of withdrawal. The clear import of the trial court decision, and that of the majority here, is that there is a strong presumption against allowing withdrawal, even if requested promptly with a clear and compelling statement of grounds and even if there is little or no prejudice to the prosecution. Particularly where we are enforcing plea agreements that are illusory and inherently contradictory, I find this abandonment of clear precedent to be unfortunate. If we are to take this step, I urge that our responsibility to fair administration of justice requires that we prohibit acceptance of nolo contendere pleas (and *Alford* pleas) in sexual assault and abuse cases.

Although the above states my main grounds for dissent, there are other points in the majority and trial court decisions that warrant comment. The majority faults defendant for failing to provide objec-

---

[1] The trial court's conclusions that "a simple change of mind" was involved here and that defendant "informedly entered into the plea agreement" are unsupported by the record and, in my opinion, are clearly erroneous.

Similarly, the court's conclusion that there is no ground for withdrawal because defendant was free to argue for any probation conditions at sentencing ignores the reality that treatment conditions are *always* imposed in sexual abuse cases, either specifically by the court or by the probation officer pursuant to standard general authorization in the probation order, and refusal to admit commission of the crime during treatment will result in probation revocation. In any event, those conditions were imposed in this case.

tive evidence that his subjective misunderstanding was reasonable.[2] To support this erroneous proposition, both the majority and the State rely on cases involving *postsentence* motions to withdraw. See *In re Stevens*, 144 Vt. 250, 252-53, 478 A.2d 212, 213-14 (1984) (defendant petitioned for postconviction relief pursuant to 13 V.S.A. § 7135, not under V.R.Cr.P. 32(d)); *In re Kivela*, 145 Vt. 454, 456, 494 A.2d 126, 127 (1985) (defendant filed motion for sentence reconsideration under 13 V.S.A. § 7042 alleging pleas were not knowing and voluntary).

The distinction between presentence and postsentence motions is critical. I agree that postsentence motions should be supported by a showing of objective reasonableness to ensure the stability of final judgments. See *Stevens*, 144 Vt. at 255-56, 478 A.2d at 215; Note, *United States v. Barker: Presentence Withdrawal of Guilty Pleas*, 71 Nw. U.L. Rev. 86, 89 (1976) (postsentence "manifest injustice" standard designed to ensure finality of judgments, discourage defendants from using guilty plea as "trial balloon" for clues to possible sentencing, and minimize prejudice to State).

The "concern for the 'stability of final judgments' has little application," however, prior to sentencing. See *United States v. Barker*, 514 F.2d 208, 220 (D.C. Cir. 1975). Rather, the lenient "fair and just" standard is concerned primarily with "protecting the right of the accused to trial by jury," *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963), and with assuring a fundamentally fair procedure. *Belanus*, 144 Vt. at 169, 475 A.2d at 229.

Moreover, we decided this issue in *Hamlin*. We did not inquire in *Hamlin* whether the defendant's belief that a DUI conviction was a form of traffic ticket that did not create a criminal record was objectively reasonable. Instead, our holding was that, absent "deceit or other improper motive," we had to take the defendant's misunderstanding at face value and act on it. See *Hamlin*, 143 Vt. at 482, 468 A.2d at 560.

The majority also attempts to distinguish *State v. Coleman*, 160 Vt. 638, 632 A.2d 21 (1993) (mem.), a memorandum decision that supports this dissent. As in this case, the defendant in *Coleman* pled nolo contendere to a sex crime and refused to admit he committed the

---

[2] My dispute with the majority's standard should not be taken as agreement with its statement that "there was no objective evidence indicating that defendant did not understand the nature or consequences of his plea." The report of the probation officer based on his interview with defendant one day after the plea is ample and convincing objective evidence of defendant's lack of understanding of the consequences of the plea.

crime. He was sentenced to probation and faced probation revocation when his assertion of innocence prevented sexual-abuse treatment. Unlike this case, the defendant in *Coleman* was allowed to withdraw his nolo contendere plea, even though he had already been sentenced. We held that the allowance of a plea withdrawal was a complete remedy for the defendant. *Id.* at 640, 632 A.2d at 23. In a concurrence, Justice Morse reasoned that the plea and the sentence were so at odds that there was a "basic misunderstanding between the parties" that warranted the defendant being allowed to withdraw his plea. *Id.* at 641, 632 A.2d at 24 (Morse, J., concurring).

The majority distinguishes *Coleman* because the defendant in that case stated he was making an *Alford* plea whereas defendant in this case did not assert his innocence. The former ground represents a distinction without a relevant difference; the latter is not supported by the record.

In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court held that a defendant could constitutionally consent to the imposition of punishment for a crime, through a guilty plea, even if the defendant was unwilling or unable to admit committing the crime. *Id.* at 37. The decision gave rise to the *Alford* plea of guilty, while asserting innocence. The *Alford* decision was necessary because many states did not allow a criminal defendant to plead guilty without an admission of guilt. See *id.* at 33. In the federal system, the issue was covered in part by the requirement of Federal Rule of Criminal Procedure 11(f), which requires that the court find a factual basis for a plea of guilty. See Reporter's Notes, V.R.Cr.P. 11(f).

The quandary giving rise to the *Alford* plea does not exist for a nolo contendere plea, which by definition does not include an admission of guilt. Thus, no finding of a factual basis is required for a nolo plea. See Fed. R. Crim. P. 11(f); V.R.Cr.P. 11(f). The Court reasoned in *Alford* that because admission of guilt was not required for nolo pleas, it could not be required for guilty pleas: "The fact that his plea was denominated a plea of guilty rather than a plea of *nolo contendere* is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law." *Alford*, 400 U.S. at 37.

The majority decision has created a new formal category, not based on any practical consequence. *Alford* pleas are wholly unnecessary where a nolo contendere plea is authorized by the court. See Comment, *The Alford Plea: A Necessary but Unpredictable Tool for the Criminal Defendant*, 72 Iowa L. Rev. 1063, 1085-86 (1987).

Indeed, the *Alford* plea of nolo contendere in *Coleman* was redundant, an unnecessary double assertion of innocence that has now acquired formal significance for no discernible reason.

The majority also relies on boilerplate language in the plea agreement for the assertion that defendant has not denied committing the offense. The language simply restates the nature of a nolo contendere plea; the plea has the same consequences as a guilty plea for purposes of an adjudication of guilt. To the extent the language is interpreted as an admission of guilt — the interpretation the majority is placing on it — it is inconsistent with the nolo contendere plea, exactly the kind of inconsistency Justice Morse flagged in *Coleman.* Apart from the boilerplate, all of defendant's actions and statements are inconsistent with any admission of guilt. Defendant's statement to the probation officer that he did not commit the crimes charged is what triggered the motion to withdraw the plea.[3]

The only real difference between this case and *Coleman* is that here defendant moved to withdraw his plea before any significant action was taken based upon it, whereas in *Coleman* defendant was already serving a sentence. This difference should make it easier for this defendant to withdraw his plea, but that factor is nowhere reflected in the majority decision.

Finally, Rule 32(d) allows the court to deny a motion if prejudice to the prosecution can be shown. The State cannot show prejudice by making vague and general claims. See *Government of the Virgin Islands v. Knight,* 764 F. Supp. 1042, 1050 (D.V.I. 1991) (general claim that witnesses may have scattered and their memories dimmed does not constitute prejudice justifying denial of motion to withdraw). The State's only real claim here is that the victims thought they could avoid a trial and would now be traumatized by the experience. This form of prejudice is present, however, in virtually every criminal case and, if given controlling weight, would prevent all plea withdrawals. The remainder of the State's claims are speculative, unsupported by anything beyond possibilities, which are again present in any case. There is no prejudice in this case.

---

[3] The majority also notes that defendant has made no assertion of ineffective assistance of counsel and could not make such an assertion based on failure to advise of correctional policy. I fail to see the relevancy of this observation in ruling on a motion to withdraw a plea. In any event, the majority acknowledges that counsel did not have an enforceable obligation to inform defendant of the correctional consequences of his plea. Moreover, defendant cannot assert ineffective assistance of counsel in this direct appeal of a criminal conviction.

In an area where we should be acting to prevent illusory and easily misunderstood plea agreements, we are instead modifying our law to make it much more difficult to rescind such agreements. I believe this decision goes in exactly the wrong direction and accordingly dissent.