The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Stanley JONES, Defendant–Appellant.

No. 00CA1477.

Colorado Court of Appeals, Div. III.

Aug. 30, 2001.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

V. Wiley Christopher, Grand Junction, CO, for Defendant–Appellant.

Opinion by Judge DAILEY

Defendant, Stanley Jones, appeals a trial court order denying his motion to withdraw his guilty plea pursuant to Crim. P. 32(d). We affirm.

Defendant was charged with solicitation to commit first degree murder, conspiracy to commit first degree murder, retaliation against a witness or victim, solicitation to commit retaliation against a witness or victim, and conspiracy to commit retaliation against a witness or victim.

Pursuant to a plea agreement, defendant pled guilty to tampering with a witness. In return, the People agreed to dismiss the original charges and to recommend that any sentence imposed be served concurrently with the sentence imposed in a second case then pending against defendant.

Prior to sentencing, defendant moved to withdraw his guilty plea on the ground that he misunderstood the terms of the plea agreement. Defendant claimed, as pertinent here, that he understood the agreement to call for a concurrent sentence with a forty-eight-year sentence he was already serving in a third case.

During an evidentiary hearing, however, defendant acknowledged both that the plea agreement did not call for a sentence concurrent to the sentence in the third case and that his misunderstanding about the plea agreement was not attributable to anything the court had done.

Defendant had previously indicated, in a letter to the court, that he did not think that his counsel had advised him "to the fullest" concerning the plea agreement. At the hearing, defendant testified that he had understood his counsel's representation that "the cases would run together" to mean that they would "run together with the 48 year" sentence in his third case. He admitted that he had never clarified the point with counsel. Defendant has not argued, either at the hearing or here on appeal, that counsel was ineffective in advising him regarding the plea agreement.

The trial court denied defendant's motion to withdraw his plea. In its ruling, the court did not address defendant's specific assertion concerning his misunderstanding of the plea agreement. The court stated only that the transcript of the providency hearing revealed that:

> defendant recognized that ... the recommendation to concurrent sentences was no more than a recommendation, and was not a stipulation, and that he was advised clearly that it was up to this Court as to whether or not sentencing would be concurrent or consecutive, and that despite that admonition and that warning, that he entered this plea. ... [Defendant] may have cold feet at this point in time ... but I'm satisfied that the plea was, in fact, appropriate, and the Court is going to deny the Motion to Withdraw His Plea.

Defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. We disagree, based, however, on somewhat different reasoning than that used by the trial court.

■ The trial court incorrectly observed that defendant would not be able to withdraw his plea based on the court's failure to follow a plea agreement recommendation. *See People v. Wright,* 194 Colo. 448, 450, 573 P.2d 551, 553 (1978). However, this observation has no bearing on the present controversy because there was no recommendation that the trial court failed to follow; there was no recommendation relating to the sentence in the third case.

■ In any event, defendant's motion did not entitle him to relief. Although Crim. P. 32(d) authorizes a motion to withdraw a guilty plea before sentence is imposed, a defendant still must demonstrate a fair and just reason for withdrawal of the plea. *People v. Chippewa,* 751 P.2d 607, 609 (Colo. 1988); *People v. Luna,* 852 P.2d 1326, 1327 (Colo.App.1993). A defendant must establish that denial of the request to withdraw the plea will subvert justice, *People v. Gutierrez,* 622 P.2d 547, 559 (Colo.1981), for example, by showing that the plea was entered by mistake or under a misconception of the nature of the charge. *People v. Chavez,* 730 P.2d 321, 327 (Colo.1986).

In this context, the term "mistake" is not all-encompassing. "Courts have been reluctant to allow withdrawal of guilty pleas on allegations of misunderstanding resulting from a defendant's purely 'subjective' beliefs, but whenever there is objective evidence that the defendant had been justifiably confused concerning the plea bargain, withdrawal is usually permitted as a matter of course." *United States v. Roberts,* 570 F.2d 999, 1008–09 (D.C.Cir.1977)(footnote omitted). *See also State v. Fisk,* 165 Vt. 260, 682 A.2d 937, 939 (1996)("To support withdrawal of the plea, a defendant must provide objective evidence to demonstrate that his subjective misunderstanding was reasonable. Otherwise, every plea would be subject to successful attack." (citation omitted)).

Here, the sentencing recommendations of the plea bargain were set forth in the record during the providency hearing and cover only the sentences in the first two cases. Those cases were referenced by their specific case numbers, and nothing was said regarding whether these sentences would be concurrent or consecutive to sentences in other cases.

Defendant does not contend that the plea bargain encompassed the third case or that anything stated on the record misled him into believing that it did. Nor does he contend that the court, the prosecutor, or his own attorney did anything to induce his belief that the plea bargain was related to the third case.

Under the circumstances, we conclude that defendant failed to present evidence of a fair and just reason for withdrawing his plea. *See United States v. Collado–Gomez,* 674 F.Supp. 426, 428 (E.D.N.Y.1987)(defendant's "subjective belief, unsupported by any promise from the government or indications from the Court" did not constitute a fair and just reason to permit defendant to withdraw his plea), *aff'd,* 854 F.2d 1315 (2d Cir.1988). Consequently, the trial court did not err in denying his motion. *See People v. Quintana,* 882 P.2d 1366, 1375 (Colo.1994)("A defendant's conviction will not be reversed if a trial court reaches the correct result although by an incorrect analysis.").

Accordingly, the trial court's order is affirmed.

Judge JONES and Judge MARQUEZ concur.