*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-051

DECEMBER TERM, 2012

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Cecil Vivian | } DOCKET NO. 1050-8-09 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's denial of his motion to withdraw his plea. On appeal, defendant argues that the court erred in admitting statements defendant made at a prior hearing regarding his communication with his attorney, and in denying his motion to withdraw his guilty plea. We affirm.

In August 2009, defendant was charged with three counts of aggravated sexual assault and one count of incest based on allegations made by two of his daughters. Defendant was initially represented by the county public defender, but the case was reassigned to conflict counsel in February 2010. During the trial-preparation period, the State made a plea offer to defendant. Jury selection was scheduled to begin on March 7, 2011, but on March 2, 2011, defendant's attorney reported to the court that defendant was still actively considering the State's offer. On March 4, 2011, the court held a change-of-plea hearing. Defendant entered a guilty plea to one count of aggravated assault and to incest, and, in return, the State dismissed the other two charges. It was an open plea agreement, and no sentence was agreed upon. Defendant executed and signed a written stipulation of the admitted facts supporting the charges.

At the hearing, the court discussed the terms of the agreement with defendant. The court explained that since there were no promises regarding sentence, the sentence could be up to life imprisonment, and defendant would not have recourse to change his plea if he did not like the resulting sentence. Defendant agreed that he understood. The court described the factual basis for the charges, and defendant agreed he had done those acts. The court also described defendant's trial rights, and defendant indicated that he understood he was waiving those rights. Defendant stated he was satisfied with his attorney's representation and that he had not been made any promises in exchange for his guilty plea beyond the State's dismissal of the additional charges. Defendant pleaded guilty to both counts, and the court found that the pleas were made knowingly and voluntarily.

On April 6, 2011, the court received a letter from defendant. He stated that he had lied about his guilt at the change-of-plea hearing because his attorney told him it was "the best way to go." He asked to have a new attorney appointed for him. In response, the court held a hearing on April 28, 2011. At the hearing, the court questioned defendant, but defendant was not placed under oath. In response to the court's questions, defendant claimed that his attorney had forced him to plead guilty. Defendant stated that his attorney advised him that he could change his plea at a later date if he did not like the sentence he received from the court. He stated that he felt his attorney threatened him by saying he would not win at trial. He also said he lied to the court about committing the crimes because his attorney told him it was the best thing to do. Defendant's attorney was present, and the court gave him an opportunity to respond. The attorney stated that he had thoroughly explained the consequences of a guilty plea to defendant. He noted that defendant had initiated the plea process by contacting him on March 3. He denied that he had instructed defendant to lie or advised defendant that defendant could change his plea if he did not agree with the sentence.

Following this hearing, the court granted defendant's motion to replace counsel. The court explained that there was no longer a reasonable attorney-client relationship between defendant and his attorney "both of whom accuse the other of lying in Court." Defendant was assigned new counsel.

The court then held a hearing on defendant's motion to withdraw his plea on July 5, 2011. At that hearing, the prosecutor sought to admit statements defendant made at the April 28 hearing for purposes of impeachment. Defendant's new attorney moved to exclude the statements on hearsay grounds and as protected by attorney-client privilege. She argued that defendant made his April 28 statements about his conversations with his prior lawyer without any knowledge that the statements could be construed as a waiver of the attorney-client privilege and the statements should accordingly be excluded. The court suspended the hearing to address this question and requested that the parties submit legal memoranda on the topic. In briefing the issue, counsel argued for exclusion of the April 28 transcript as a whole because the transcript included statements by both defendant and his attorney about privileged communications. On September 1, 2011, the court issued a written order denying defendant's motion to exclude the transcript. The court concluded that defendant had put the communications between him and his attorney at issue and therefore impliedly waived any privilege. The court rejected defendant's argument that a waiver had to be made explicitly, explaining that there was no affirmative obligation for the court to inform defendant regarding the privilege.

On September 20, 2011, the court continued the suspended hearing on defendant's motion to withdraw his plea. The court heard testimony from defendant, his former attorney, and defendant's daughters, who were two of the complainants in the case. The transcript of the April 28 hearing was admitted in its entirety, although the State relied only on the portions of the transcript reflecting defendant's prior statements in its cross-examination of defendant. Defendant's new attorney reiterated her prior objection to admission of the transcript, but did not object to the admission on any additional grounds. At the hearing, defendant testified that his lawyer had not explicitly told him to lie, but that he felt that the lawyer was essentially advising him to do.

Following the hearing, the court issued a written decision denying defendant's request to withdraw his plea. The court found the following based on the attorney's testimony, which the court deemed credible. Defendant's attorney was fully prepared to go to trial, but defendant called on March 3 seeking to accept the offer to plead guilty. The attorney spoke with defendant prior to the hearing on March 4 and reviewed all of defendant's rights with him prior to the hearing. Defendant was upset during that conversation and threw his glasses to the ground, but ultimately decided to plead guilty. The court found that while defendant was upset during the hearing there was nothing "suggesting that this state affected [defendant's] ability to act rationally, knowingly, and voluntarily." The court credited the objective indications that defendant understood the agreement and pleaded guilty voluntarily, and that defendant's own statements concerning his subjective state of mind were inconsistent with this evidence and not credible.

Defendant appeals. On appeal, defendant argues that the court erred in denying his request to exclude statements made at the April 28 hearing and in denying his motion to withdraw his plea.

We first address defendant's arguments concerning his motion to exclude his statements from the April 28 hearing. Under Vermont Rule of Evidence 502, a client can refuse to disclose confidential communications with an attorney. V.R.E. 502(b). There is no privilege, however, for "communication relevant to an issue of breach of duty by the lawyer to his client." V.R.E. 502(d)(3). Based on this exception, the trial court concluded that defendant's statements at the April 28 hearing were not protected by privilege.

Defendant argues that because he was not making a claim against his attorney, the exception does not apply. There is no merit to this argument; the exception is not limited to attorney-client disputes, but may extend to situations where a party puts the content of the communications between the party and the party's attorney at issue. See, e.g., Steinfeld v. Dworkin, 147 Vt. 341, 342-43 (1986) (per curiam) (party may not raise attorney-client privilege where an attorney's authority to settle a claim is in issue). Defendant's letter to the court—requesting new counsel and alleging his attorney had advised him to lie and had forced him into accepting the plea—put at issue the substance of his communication with his attorney regarding the attorney's advice about the plea agreement. Although defendant was not making a claim of ineffective assistance against his lawyer, he was alleging that there was communication relevant to an issue of breach of duty by his lawyer that entitled him to some relief. Cf. State v. Fisk, 165 Vt. 260, 263 (1996) (noting, among other factors, defendant's refusal to waive attorney-client privilege in rejecting defendant's claim that his attorney had not fully explained language of plea agreement).

We also reject defendant's contention that his privilege could not be waived impliedly and that the court or his attorney had an affirmative duty to advise him concerning the privilege at the hearing. Defendant's voluntary action of writing the letter prior to the hearing voluntarily disclosed the content of conversations with his attorney and put the content of those conversations at issue. See Chase v. Bowen, 2008 VT 12, ¶¶ 29-30, 183 Vt. 187 (explaining that father impliedly waived privilege with respect to limited communications by placing the content of some confidential communications at issue). While the facts were discussed more deeply at the hearing, defendant's letter had already disclosed the content of attorney-client

3

communication. We agree with the court that it would be unfair to allow defendant to proceed with his claim that he was improperly counseled by his attorney and at the same time preclude the attorney or the State from answering defendant's charges by discerning the facts underlying defendant's assertion. See Steinfeld, 147 Vt. at 343 (concluding that in the context of settlement negotiations, if one party raises attorney's authority to settle, "[i]t would work an extreme hardship on other litigants and on the court if a party could, at the same moment, assert the lack of authority to settle and yet prevent facts bearing on that authority from coming into evidence").[*]

Defendant further argues that his attorney did not comply with the ethical rules at the April 28 hearing because the attorney disclosed communication at the hearing when he was not required by the court to do so. See V.R.P.C. 1.6(c) (stating that lawyer is precluded from revealing information unless "permitted under these rules or required by another provision of law or by court order"). Defendant raises this argument for the first time on appeal. See State v. Brink, 2008 VT 33, ¶ 6, 183 Vt. 603 (mem.) (explaining that to preserve issue for appeal, defendant must present issue to trial court with specificity and clarity). Any error arising from admission of defendant's counsel's April 28 statements—and we do not reach this question either way—was harmless in any event, as the trial court made it clear in the July 5 hearing that it would not consider statements from April 28, not made under oath, as testimony; defense counsel testified under oath at the September 20 hearing; and the trial court's findings reflect that the trial court did not consider defense counsel's April 28 statements in reaching its decision. See V.R.Cr.P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.).

Next, we consider defendant's argument that the court erred in denying his motion to withdraw his guilty plea. Prior to sentencing, the trial court may permit withdrawal of a guilty plea "if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d). The trial court has discretion in considering such a request, and "if defendant's justification for withdrawal is unreasonable under the circumstances, the motion should be denied." Fisk, 165 Vt. at 262. To determine if the court abused its discretion, this Court examines the circumstances surrounding the plea to determine if it was entered knowingly and voluntarily. State v. Merchant, 173 Vt. 249, 256 (2001).

There was no abuse of discretion in this case. The court considered the evidence presented by defendant and concluded the credible evidence demonstrated that defendant's plea was entered knowingly and voluntarily. While defendant cites to his own testimony as countervailing evidence demonstrating that he pleaded guilty because of pressure by his attorney, as fact finder, it is the court's role to determine credibility, and the trial court "is not compelled to accept defendant's characterization of his own state of mind." Merchant, 173 Vt. at 257. We give deference to the court's credibility determination and will not retry the evidence on appeal. Id. Here, evidence supported the court's finding that defendant understood the terms of the plea agreement and the consequences of that plea, and that his attorney properly counseled him

---

[*] Because defendant pursued his claims based upon alleged interactions with his counsel, we do not consider what impact defendant's withdrawal of those claims would have had on the waiver analysis.

4

regarding the terms of the agreement.  Thus, the court acted within its discretion in denying defendant's request.  See <u>Fisk</u>, 165 Vt. at 263 (affirming court's denial of defendant's request to withdraw plea where objective evidence demonstrated that defendant admitted alleged acts and understood nature and consequences of plea).

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

5