*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NOS. 2014-003 & 2014-004

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| Spencer B. Durham | } | DOCKET NOS. 1038-9-12 Bncr & |
| | | 333-3-13 Bncr |

Trial Judge: Nancy Corsones

In the above-entitled causes, the Clerk will enter:

Defendant appeals from a superior court order denying a motion to withdraw his plea. We reverse and remand.

The material facts may be succinctly summarized. On October 10, 2013, defendant pled guilty, pursuant to a plea agreement, to separate charges of providing false information to a police officer, in violation of 13 V.S.A. § 1754(a), and false pretenses, in violation of 13 V.S.A. § 2002. He received concurrent sentences of three to four months. Two weeks later, on October 29, 2013, defendant filed a pro se motion to withdraw his plea, alleging that "part of the plea agreement was the return of property taken from defendant" by the police, that defendant's attorney had promised that he would get the property and mail it to defendant, and that this had not occurred. The State opposed the motion, asserting that it had "complied with the plea agreement by signing the property release and faxing it to both the Vermont State Police and the Bennington Police Department." Defendant filed a reply, alleging more specifically that "[t]he only reason [he] agreed . . . to enter the guilty pleas" was his attorney's promise to obtain a release of the property, retrieve the property, and mail it to him, and that he would not have entered the plea without this promise. Defendant alleged that counsel's failure constituted a violation of the agreement and a manifest injustice entitling him to withdraw the plea. Defendant requested that the court "grant the motion or order a hearing."

On November 20, 2013, the court issued an entry order denying the motion and concluding that a hearing was unnecessary. The court concluded that, even "assuming . . . all of the facts alleged by defendant" to be true, defendant had "fail[ed] to demonstrate how his agent's alleged failure to retrieve defendant's personal property which has been released by the state is a sufficient basis for the court to permit him to withdraw his pleas," and further that "[t]here is no indication that his pleas were involuntary or that there was any defect in the plea colloquy." This appeal followed.

Defendant contends the court erred in denying the motion without a hearing. We are constrained to agree. It is the defendant's burden, to be sure, to demonstrate facts warranting withdrawal of a plea. State v. Cross, 142 Vt. 44, 46 (1982). However, for the purpose of ruling

on the motion without an evidentiary hearing, the trial court here accepted as true defendant's assertion that the plea was induced by defense counsel's unfulfilled promise to retrieve and mail him his property, and that he would not have pled guilty otherwise. We have recognized that an unfulfilled promise that induced a plea may provide grounds for setting aside the plea, In re Meunier, 145 Vt. 414, 420 (1985), and that a plea may be improperly induced by defense counsel as well as the prosecutor. In re Quinn, 174 Vt. 562, 564 (2002); see also People v. Schirle, 306 N.W.2d 520, 522 (1981) ("[A]n unfulfilled promise or misleading statement by defense counsel can be the basis for setting aside a plea."). Thus, the facts as alleged do not support the trial court's ruling.

We conclude, accordingly, that the judgment must reversed, and the matter remanded for a hearing on defendant's motion.

Reversed and remanded.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice