23CA0637 Peo v Bonsell 05-01-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0637
Adams County District Court No. 22CR313
Honorable Sharon Holbrook, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Fermin David Bonsell,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Gomez and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Dilyn K. Myers, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Fermin David Bonsell, appeals the district court's order denying his motion to withdraw his guilty plea under Crim. P. 32(d). We affirm the order.

## I.    Background

¶ 2    Adams County charged Bonsell with first degree arson (a class 3 felony), felony menacing (a class 5 felony), and three misdemeanors, based on evidence that he entered his ex-wife G.A.'s apartment, held a razor to her neck, removed two smoke detectors, set two piles of clothing on fire, and left with her cell phone. On February 25, 2022, Bonsell agreed to plead guilty to attempted second degree arson (a class 5 felony) in exchange for dismissal of the original charges in this case plus three other pending cases. The district court accepted Bonsell's plea. It ordered a presentence investigation (PSI) and set the sentencing hearing for April 20, 2022. Bonsell posted bond, and he was released from jail.

¶ 3    Bonsell failed to report to the probation department for his PSI. And he was unable to appear at the scheduled sentencing hearing because he was confined in the Arapahoe County jail. He had been charged with, among other offenses, the attempted second degree murder of G.A. on April 11, 2022.

1

¶ 4    At Bonsell's second scheduled sentencing hearing on July 18, 2022, his public defender told the district court that Bonsell wished to withdraw his guilty plea. The court ordered that any motion to withdraw the plea must be filed within thirty days and set a sentencing hearing for September 21, 2022.

¶ 5    Bonsell did not move to withdraw his plea by that deadline. And due to various writ errors, he did not appear at the next three scheduled sentencing hearings in September, October, and November. Bonsell's public defender was present at each of these hearings, but she made no record about withdrawing Bonsell's guilty plea.

¶ 6    At the sixth scheduled sentencing hearing on November 30, 2022, Bonsell's public defender was unable to appear. A covering public defender asked the district court to continue the hearing and reorder the PSI, which had not been completed. Counsel also told the court that Bonsell "wanted to discuss this, potentially withdrawing the plea." The court declined to make any decisions based on a possible plea withdrawal because Bonsell had not filed the ordered motion. It reordered the PSI and set the next sentencing hearing for March 1, 2023. The probation department

sent Bonsell a PSI packet on December 1, 2022, but he did not complete it.

¶ 7      At a bond hearing on January 9, 2023, Bonsell was once again represented by a public defender covering for his original counsel. Bonsell told the district court that he was withdrawing his guilty plea and wanted to go to trial.  The court told Bonsell it would address a written motion to withdraw the guilty plea if one was filed.

¶ 8      On January 26, 2023, a jury in the Arapahoe County case found Bonsell guilty of three counts of attempted second degree murder, one count of first degree assault, and one count of second degree assault.  Sentencing in that case was set for March 24, 2023.

¶ 9      Finally, on February 17, 2023, Bonsell filed a motion to withdraw his guilty plea.  He alleged the following relevant facts:

- G.A. had admitted to two third parties — a woman named Vikki Skinner and her husband — that she herself had set the clothes on fire.

- Bonsell alerted his public defender to this new evidence "after being charged in the Arapahoe County case."

3

- On September 26, 2022, an investigator interviewed Vikki Skinner, who confirmed that G.A. had admitted to setting the clothes on fire.

¶ 10    The district court denied the motion in a written order. The court generally found that (1) Bonsell's guilty plea had been knowing, voluntary and intelligent; and (2) the motion was pretextual and filed for the purpose of delaying a conviction, so as not to aggravate his sentence in the Arapahoe County case.

¶ 11    At the sentencing hearing, the court heard further argument about the plea withdrawal request. Defense counsel argued that Bonsell had originally agreed to plead guilty "to put the criminal episode behind him," but he wished to change his plea because "we're in a different position now." The defense also argued that the late filing was a result of Bonsell's confinement in Arapahoe County and "further investigation." The district court considered these arguments and the corroborating evidence for Bonsell's menacing and arson charges before deciding that it was comfortable proceeding with sentencing pursuant to Bonsell's guilty plea. It then imposed the maximum presumptive range sentence — three years in the custody of the Department of Corrections.

## II.     Discussion

¶ 12     Bonsell does not challenge the finding that his plea was knowing, voluntary, and intelligent.  Rather, he contends that the district court abused its discretion in denying his motion because it unreasonably faulted him for delays in filing the motion and erroneously found that his alleged new evidence did not provide a viable defense.  We are not persuaded.

### A.     Governing Law and Standard of Review

¶ 13     Crim. P. 32(d) allows a defendant to file a motion to withdraw a guilty plea before a sentence is imposed.  *Kazadi v. People*, 2012 CO 73, ¶ 14.  However, a defendant does not have an absolute right to withdraw a guilty plea.  *People v. Boling*, 261 P.3d 503, 504 (Colo. App. 2011); *see United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (A defendant's "change of heart" prompted by his reevaluation of the case against him "is not a sufficient reason to permit withdrawal of a plea."); *People v. Weed*, 830 P.2d 1095, 1098 (Colo. App. 1991) (upholding the denial of a Crim. P. 32(d) motion when the defendant asserted that he was "pressured" into pleading guilty); *People v. Jones*, 33 P.3d 1258, 1259 (Colo. App. 2001) (upholding the denial of a Crim. P. 32(d) motion when the defendant

misunderstood that his sentence could run consecutive to another sentence). To warrant plea withdrawal, the defendant bears the burden of establishing a "fair and just reason." *Kazadi*, ¶ 14 (quoting *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988)).

¶ 14     A court should consider the following non-exclusive list of factors to determine whether a defendant has shown a fair and just reason to withdraw his plea: "whether the prosecution would be prejudiced by the withdrawal of the guilty plea, whether the defendant promptly moved to withdraw the guilty plea, and whether the defendant has shown that 'justice will be subverted' if the motion is denied." *Crumb v. People*, 230 P.3d 726, 733 (Colo. 2010) (citations omitted). Justice could be subverted by denying a Rule 32(d) motion when the guilty plea was entered involuntarily, when the defendant was surprised or influenced into a plea when he had a defense, when the plea was entered by mistake, or when the plea was provoked by "fear, fraud, or official misrepresentation." *Maes v. People*, 396 P.2d 457, 459 (Colo. 1964); *accord People v. Chavez*, 730 P.2d 321, 327 (Colo. 1986).

¶ 15     The district court has broad discretion to determine whether the defendant has demonstrated a fair and just reason to withdraw

a guilty plea, and we will not reverse the court's denial of a Rule 32(d) motion unless the court abused its discretion. *Kazadi*, ¶ 15. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it applies an incorrect legal standard. *People v. Rodriguez*, 2022 COA 98, ¶ 12.

### B.  Analysis

¶ 16    Applying the *Crumb* factors, we perceive no abuse of discretion in the district court's finding that Bonsell failed to show a fair and just reason to withdraw his guilty plea. Only the first factor is favorable to Bonsell because the prosecution did not argue that it would be prejudiced by Bonsell's withdrawal of his plea.

¶ 17    As to the second factor, Bonsell's motion to withdraw his plea was by no measure prompt. It was filed nearly a year after his plea; six months after the court-ordered filing deadline; nearly four months after an investigator allegedly confirmed G.A.'s admission to a third party; and thirty-nine days after Bonsell clearly reiterated that he wanted to go to trial. *Cf. Crumb*, 230 P.3d at 733 (concluding that the defendant's motion to withdraw his guilty plea was not prompt when it was filed forty-nine days after he entered the plea). The filing delay was protracted even excluding any delay

7

related to faulty writs, which do not directly impact a written motion. Ultimately, Bonsell delayed filing until shortly after his conviction in the Arapahoe County case — when, as he argued, he was "in a different position." We cannot conclude that the district court arbitrarily, unfairly, or unreasonably faulted Bonsell for the timing of his motion.

¶ 18    As to the third factor, we find record support for the district court's implicit finding that Bonsell failed to show that justice would be subverted by denying his motion. *See Maes*, 396 P.2d at 459 (There must be some showing that justice will be subverted to "warrant the exercise of discretion favorable to a defendant concerning a change of plea."). Bonsell did not allege, either in his motion or at his sentencing hearing, that he was "surprised or influenced" into making his plea despite a defense that he didn't set the fires. *See id.* at 460. He merely alleged that he had discovered a partial oral confession (to arson) by G.A. to two third parties. As discussed in the previous paragraph, the timing of Bonsell's motion supports the court's finding that Bonsell sought delay rather than justice. Delaying a conviction is not a fair and just reason to withdraw a guilty plea.

¶ 19 To the extent the district court's ultimate finding relies on its finding that Bonsell did not allege a viable defense, we find record support for this, too. As previously noted, Bonsell alleged only a partial defense. Moreover, the district court correctly observed that Bonsell did not allege any facts suggesting that G.A.'s hearsay statement would be admissible at a trial. *See* CRE 804(b)(3) (permitting hearsay statements against interest *when the declarant is unavailable*); *see also* CRE 807 (permitting hearsay statements *with circumstantial guarantees of trustworthiness*). The court also correctly noted that there was significant evidence corroborating G.A.'s allegations for the charged crimes, including that her smoke detectors had been removed, she had been cut with a razor blade, and her cell phone was missing.

¶ 20 We conclude that the district court acted within its discretion when it denied Bonsell's motion to withdraw his guilty plea.

### III. Disposition

¶ 21 The order is affirmed.

JUDGE GOMEZ and JUDGE BERNARD concur.