## COVINGTON *v.* BASS.

### (*Nashville.*    February 8, 1890.)

1. APPEAL.   *Effect upon liens.*

    An appeal from a judgment at law suspends, but does not annul, the judgment lien upon the debtor's realty and the attorney's lien declared for fees upon the judgment.

    Code cited: § 3697 (M. & V.); § 2983 (T. & S.).

    (Appeal from decree of Chancery Court has same effect since Act 1885, Ch. 21.)

2. ATTORNEYS' LIEN.   *Superior to mortgage of debtor's realty made pending the appeal.*

    The judgment lien and the declared attorneys' lien upon the judgment for fees are each superior to, and overreach, a mortgage of the debtor's realty made during the period of their suspension by appeal; and said liens may, upon the termination of such suspension by affirmance of the judgment or otherwise, be enforced by sale of the debtor's realty thus mortgaged—the judgment lien at the suit of the judgment creditor, and the attorneys' lien at the suit of his attorneys.

3. SAME.   *Effect of compromise pending the appeal.*

    The enforcement of the attorneys' lien for fees against the judgment debtor, and his property subject thereto, is not defeated by a compromise of the suit, made in good faith, but without the knowledge or consent of the attorneys, during the period of suspension of the lien by appeal, whereby the judgment creditor dismissed his suit, upon consideration of the payment to him by his debtor of an agreed sum, less than the amount of the judgment.    The attorneys' lien attached to the sum due upon the compromise.

4. SAME.   *Debtor not liable to his adversary's attorneys beyond the compromise amount.*

    But, in such case, the attorneys' lien cannot be enforced against the debtor or his property for a larger sum than that due to their client under the compromise.

5. SAME. *Actual notice of attorney's lien to debtor not essential.*

Where the attorney's lien upon his client's recovery is properly declared by entry of record in the cause, the debtor is bound by it, whether he have actual notice of it or not.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

VERTREES & VERTREES for Complainants.

J. C. BRADFORD for Respondents.

TURNEY, Ch. J. Plaintiffs, as attorneys for Knott, recovered judgment against Bass for $1,500. The judgment was entered in the usual form. At a later day of the same term plaintiffs, by leave of the Court, entered an additional order, giving them a lien on the recovery for their reasonable fees.

Bass appealed in error to this Court. Pending the appeal, Bass mortgaged real estate to the defendant creditors. Subsequently a compromise was had between Knott and Bass, Bass paying to Knott $350 in satisfaction of the judgment. This was done without consultation with or notice to complainants.

The bill is filed to enforce the attorney's lien

32—4 P

against Bass and the beneficiaries in the mortgage. The defense is that the parties had the right to settle the matter between themselves; and, further, that as there was no final judgment, there was no lien.

Many authorities have been cited by solicitors on each side bearing upon the question, but in none of them was this direct question presented, consequently we must determine it upon what seems to us the better reason.

It is quite usual for attorneys who obtain money or property judgment to have a declaration of lien on the recovery for their fees. The Courts invariably recognize the right when it is asked. Such practice, and its recognition, must be understood to have a substantial meaning and purpose, and, to a certain extent, embarrass the right of the plaintiff to appropriate the recovery without the consent of the lawyer who rendered him valuable service in its obtention. The payment to the attorney of record discharges the officer holding an execution from liability to the plaintiff in the execution.

Under our practice, an appeal to this Court from a judgment at law does not vacate but merely suspends that judgment and such liens as the law attaches to it. On affirmance, the liens attach with full force, and against purchasers after the rendition in the Law Court, and for twelve months after affirmance. Code (M. & V.), § 3697. While in the present case there was no

affirmance, but a compromise instead, still the lien existed.

It is not necessary that Bass should have had actual notice of the lien declared. He was the defendant, and bound to take notice of the judgment against him in all its parts. When he undertook to settle it he is conclusively presumed to have known all it contained, and to have settled upon that basis.

There was judgment against him, although suspended. That judgment defined an interest in complainants, and he should have fortified against that interest. That interest was as clearly expressed, though not defined in amount, as was the interest of the plaintiff, Knott. His payment of the $350 was a distinct recognition, to that extent, of his obligations to all under the terms of the judgment. Ordinarily, if attorneys allow judgments to go in this Court without continuing or declaring liens, they will lose them as to the adverse party. In this case, however, they were ignorant of what was being done, and without opportunity to protect themselves. The case was disposed of out of its regular order, and when the attorneys were not required by their duty to their client nor expected to be present, and when the judgment and lien were in as full force as to them as to their client.

With notice of negotiations between the parties they could, by injunction, at least have prevented the payment to Knott until their fees were paid.

Why, then, may they not come into equity and compel Bass to do that equity provided for in the judgment he claims to have compromised? The lien of the judgment on the lands of Bass existed to the same extent, and for the same reasons, as the lien of complainants on the judgment, and was in the same way suspended.

The proof shows $400 to be a reasonable fee to complainants; for that amount they are entitled to their decree against Knott.

As there is no proof showing that Bass was guilty of actual fraud, and as parties may compromise in good faith, although the compromise is less than the attorneys' fee, a decree will be rendered against him for $350, with interest from the date of his payment of that amount to Knott. He may, if he desires, take a decree over against Knott.

The real estate mortgaged by Bass will be sold as directed by the Chancellor, and the proceeds, after paying complainants, will be applied to the mortgage.

The decree, modified as indicated, is affirmed with costs.