Cecil Sam ROBERTS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 30, 1976.

Jan. 17, 1977.

W. P. Boone Dougherty, Knoxville, for appellant.

Brooks McLemore, Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, B. Rex McGee and James R. Dedrick, Asst. Dist. Attys. Gen., Knoxville, for appellee.

OPINION

GALBREATH, Judge.

This is an appeal from the action of the criminal court of Knox County in revoking a suspended sentence. The appellant pled guilty to professional gambling in November of 1975 and was sentenced to serve one year in the Knox County Penal Farm. He was permitted to serve one month on a

work-release program that required actual incarceration only on weekends and the balance of the sentence was suspended, the judgment providing, in pertinent part:

Upon completion of one month's imprisonment in the Knox County Penal Farm, the defendant will be released to the Knox County Probation Officer for a period of 11 months, probation to expire November 9, 1976. Defendant's probation is conditioned upon his not hereafter violating any of the laws of any City, State, or of the United States or being guilty of any misconduct inconsistent with good citizenship. The Clerk will furnish a transcript of this judgment to the Superintendent of the Knox County Penal Farm at her earliest convenience. The Clerk will furnish a copy of this judgment to the defendant, his counsel and the Knox County Probation Officer.

Following the filing of the revocation petition alleging that the defendant had again engaged in the offense leading to his conviction an exhaustive evidentiary hearing was conducted in which it was established by convincing evidence that he had indeed been active in professional gambling on a rather extensive scale while on probation.

▪ It is the sole thrust of the appellant's position here that, although a copy of the judgment was furnished his counsel, he, himself, was never made aware of its contents and since the trial judge had not personally notified him of the conditions of probation he could not have have knowingly or otherwise have violated the conditions so as to subject him to revocation. We reject this contention out of hand.

The judgment was notice upon being put to record, not only to the defendant but to all concerned, of its contents. It is a general rule that the record of a judgment properly entered and docketed is notice of that which it contains or recites, as well as such other facts as may be fairly inferred from its recitals, to the parties and their privies. See *49 C.J.S. Judgments § 133.*

▪ A defendant who enters into a compromise or settlement is bound to take notice of the judgment against him in all its parts and he is conclusively presumed to know its contents. *Covington v. Bass,* 88 Tenn. 496, 12 S.W. 1033 (1890). A client is implied to have notice of facts transmitted to his attorney in the matter and course of his employment for such client. See *Neilson v. Weber,* 107 Tenn. 161, 64 S.W. 20 (1901).

▪ We here hold that all probationers, regardless of the terms of the judgment granting judicial clemency, are deemed to be on notice that they are not to engage in unlawful activity or in otherwise conduct themselves inconsistent with good citizenship, if they accept probation in lieu of imprisonment. The appellant had to know that it was the understanding of all concerned that he would refrain from the unlawful conduct resulting in his conviction that formed the basis for the rehabilitative measures taken on his behalf. The trial judge seems now convinced, and justifiably so, that the defendant simply has failed to demonstrate that such promise could be fulfilled.

The judgment below is affirmed.

RUSSELL and DAUGHTREY, JJ., concur.