**STATE of Tennessee, Appellee,**

v.

**Leon MAYBERRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 8, 1982.

Permission to Appeal Denied by Supreme Court June 21, 1982.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Billy Blow, Asst. Dist. Atty. Gen., Larry Logan, Charles Trotter, Sp. Prosecutors, Huntingdon, for appellee.

Raymond L. Ivey, Huntingdon, for appellant.

OPINION

WALKER, Presiding Judge.

Appellant, Leon Mayberry, appeals from an order of the Carroll County Circuit Court revoking his probation and ordering him to serve a sentence of not less nor more than three years in the state penitentiary.

In January 1978, appellant pleaded guilty to a violation of T.C.A. 39–4237, fraudulent disposition of collateral subject to a security agreement. Mayberry owed approximately $8000 to the Jackson Production Credit Association, and the debt was secured by cattle which he unlawfully disposed of in violation of the security agreement.

After imposing a sentence of three years' imprisonment, the court granted appellant's petition for a suspended sentence in May 1978. Appellant's petition for a suspended sentence states in part:

"Your petitioner would show that he is remorseful for his acts, and if granted a suspension of sentence in this cause, he

will conduct himself in the future as a good and proper citizen, and within the law. *He would further state that he is prepared to make full restitution to Jackson Production Credit Association for the full amount of his indebtedness in accordance with the terms of a note to be executed by him in the prosecutor's favor.*" (emphasis added)

Appellant executed a note in favor of the Jackson Production Credit Association and also assigned his rights in certain rental money to the credit institution. This was done before the suspended sentence was ordered by the trial court. At the hearing for a suspended sentence, appellant testified on direct examination as follows:

"Q. Now, have you made any arrangements with Production Credit Association to finance the people who were holding this security? Have you signed a note to them to reimburse them?

"A. Yes."

The transcript of the proceedings at the suspended sentence hearing reveals that the trial court stated: "The period of supervision will be three (3) years and will be conditioned upon restitution being made." The record indicates that appellant would likely have been a good candidate for probation absent any agreement or condition of restitution.

At the revocation hearing, the trial court stated that the sole basis for revoking appellant's probation was his failure to make restitution. It was stipulated that appellant had paid only $2000 of the approximately $8000 owed to the Production Credit Association under the terms of the promissory note. It was appellant's sole position at the revocation hearing that *execution* of the note, not payments *pursuant to* the note, was the restitution required by the trial court's previous disposition granting a suspended sentence.

Mayberry has raised three issues in his appeal. First, appellant argues that the trial court erred initially by using restitution as a condition for probation, and later by using the failure of restitution as a basis for revocation.

Although in unpublished opinions, *Ronald Ooten v. State,* filed at Knoxville February 26, 1980, and *State v. John William Akin,* filed at Nashville March 31, 1980, this court has held that probation should not be denied for the sole reason that the defendant refused to make restitution, that is not the issue in this case. From the petition it appears that the appellant was willing and agreed to make restitution as a condition of his probation. We now have an appeal from the revocation of probation because the appellant failed to abide by one of his conditions of probation, that of making restitution.

T.C.A. 40–2907 provides, in part:

"If the trial judge should find that the defendant has violated the conditions of his probation and suspension, the trial judge shall have the right by order duly entered upon the minutes of his court, to revoke the probation and suspension of sentence..."

■ Simply because the failure to make restitution is not a ground for denying probation, it does not necessarily follow that failure to make restitution is not a ground for revocation of a suspended sentence, when, as in this case, the defendant has willingly suggested and consented to restitution as a condition for his suspended sentence. To hold otherwise in this case would permit a fraud upon the judicial system. This issue is overruled.

In his second issue, appellant contends that the court's order of probation did not clearly and definitely impose restitution as a condition of probation. The probation order consisted of a form with pertinent individual data filled in by the trial court. There were 14 enumerated general and specific conditions of probation. Paragraph 12 stated that the appellant "shall be liable for all costs imposed by the court in connection with this case." In the order revoking the suspended sentence, the trial court stated that appellant's probation was revoked because of a violation of paragraph 12, "failing to make restitution." Nowhere in the order granting probation is there any men-

tion of restitution. However, the trial court, in its ruling from the bench at the hearing granting probation, clearly explained that restitution was a condition.

 Appellant was present when the court announced its decision granting probation, and the conditions of that probation. Notwithstanding the fact that T.C.A. 40–2902 requires the trial judge to enter the conditions of probation on the minutes of the court, since the appellant offered restitution in his petition for a suspended sentence and was present when the court announced its judgment, he is presumed to know the conditions of his probation. See *Roberts v. State,* 546 S.W.2d 264 (Tenn.Cr. App.1976). Furthermore, the appellant initially made partial restitution of $2000. It can not be said that appellant did not know that restitution was a condition to his probation.

In his last issue, appellant argues that the mere execution of the note to the Jackson Production Credit Association constituted complete and full restitution, satisfying that condition of his probation. This contention is not consistent with appellant's intentions in his petition for a suspended sentence. In that pleading, he stated he was prepared to make full restitution for the *full amount of his indebtedness* to the Production Credit Association *in accordance with the terms of a note* to be executed by him in favor of the Production Credit Association. The terms of the note required appellant to pay $2000 per year, beginning December 31, 1978, and payable on the same day of each year thereafter, until the remaining balance was paid.

Ballentine's Law Dictionary, 3rd Edition, defines restitution in its modern sense as "compensation, reimbursement, indemnification or reparation for benefits derived from or for loss or injury caused to another." An examination of the entire record indicates that all parties concerned—the appellant, the state, the special prosecutors, and the trial court, intended that restitution would consist of payment of the debt due from appellant to the Jackson Production Credit Association. This issue must also be overruled.

Affirmed.

O'BRIEN and TATUM, JJ., concur.