## State of Vermont v. Philip J. Katon

[719 A.2d 430]

No. 96-359

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed September 4, 1998

*Lauren Bowerman*, Chittenden County Acting State's Attorney, *Pamela Hall Johnson*, Deputy State's Attorney, and *Michael Whipple*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William Nelson* and *Henry Hinton*, Appellate Attorneys, Montpelier, for Defendant-Appellant.

**Skoglund, J.** Defendant Philip J. Katon, who pleaded nolo contendere to a charge of domestic assault, appeals from the order of the district court revoking his probation and imposing the underlying sentence. Defendant contends that his right to due process of the law was abridged when his probation was revoked after he was found ineligible to participate in a program required as part of his probation. We affirm.

In February 1995, based on an agreement with the prosecution, defendant pleaded nolo contendere to a charge of domestic assault. The charge was supported by the arresting officer's affidavit of probable cause, which stated that defendant "slapped [the woman with whom he was living] in the area of her upper chest, causing her pain." The affidavit also included allegations that defendant was intoxicated at the time, that he had grabbed the victim, and that he had pushed the victim several times.

As part of the V.R.Cr.P. 11(c) colloquy, the court informed defendant that by pleading nolo contendere he was giving up his right to have the State prove beyond a reasonable doubt each of the elements of the domestic assault charge. Further, the court read the charge to defendant: "the charge is that on November 21, 1994, you were a person who recklessly caused bodily injury to a household member, to wit (the victim), by slapping her in violation of 13 V.S.A. § 1042." Defendant pleaded no contest to this charge.

After accepting defendant's plea, the court issued a suspended sentence and placed defendant on probation. One of defendant's conditions of probation was that he participate fully in any program to which he was referred by the court or his probation officer. In addition, the court imposed a special condition that defendant complete the Domestic Abuse Education Program (DAEP).

In May 1996, at the intake interview for DAEP, defendant refused to admit the assaultive behavior to the program counselor. In addition, defendant refused to admit to other incidents and allega-

tions contained in the affidavit of probable cause. Consequently, he was refused entrance into the program.* Subsequently, defendant's probation officer filed a violation-of-probation (VOP) complaint alleging that defendant violated the condition of his probation requiring that he complete DAEP.

At the VOP hearing, the court was informed by the State that it was willing to give defendant another opportunity to participate in DAEP if, at the VOP hearing, he would admit the essential facts of the domestic abuse conviction that were contained in the arresting officer's affidavit. On the stand, defendant stated that he had "pushed [the victim], slapped her hand out of my face before she hit me. And I swore at her, and I left." On cross-examination, defendant confirmed that he was unwilling to admit to other events set forth in the charging affidavit:

> [The State]: And you're not willing to admit pushing her down, correct?
> [Defendant]: No, I didn't do that.
>
> [The State]: Okay, And you're not willing to admit pushing her in the bedroom, correct.
>
> [Defendant]: Well, we didn't even make it into the bedroom.
>
> [The State]: All right. And you're not willing to admit grabbing and slapping her, correct.
>
> [Defendant]: Correct.

Defendant also disputed allegations of alcohol use contained in the affidavit. In light of defendant's denials, both the probation officer and the DAEP manager informed the court that defendant's statements failed to satisfy DAEP's admission requirements. At the conclusion of the hearing, the court summarized the evidence, observing that defendant had been willing to:

> state only that he pushed the victim's hand away from his face or slapped her hand away from his face. He steadfastly denied all of the other allegations in the affidavit including those which formed the basis of the charge.

In ruling, the court noted that the facts and the law were clear:

---

* Chittenden County DAEP, the program to which defendant was assigned, requires domestic abusers to admit to and take responsibility for their actions in order to complete the program.

> [Defendant] simply did not, and does not today, admit to the facts underlying this charge. He admits to only some minimal physical interaction with [the victim], and describes that as sort of a defensive effort . . . . He's denying the essential facts underlying the charge, so in my opinion the facts are clear. There is a violation of probation.

Thus, the court reinstated defendant's original sentence of four-to-twelve months. The present appeal follows.

On appeal, defendant asserts that due process requires clear and convincing evidence that the allegations in the probable-cause affidavit are true before probation can be revoked on the basis of a refusal to admit to them. He therefore claims that revocation of his probation on the basis of unproven allegations in the probable-cause affidavit constituted error. We need not address this contention, however, because revocation of defendant's probation was properly based on defendant's failure to admit his culpability for the crime to which he pleaded nolo contendere. As the trial court found, he only acknowledged deflecting a blow, but refused to admit to the facts underlying the domestic assault charge, i.e., to admit he recklessly caused the victim bodily harm by slapping her. Hence, we consider his due process claim only in the context of the conduct on which he was convicted.

The loss of liberty involved in the revocation of probation is a serious deprivation requiring the defendant to be accorded due process. See *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973). "Due process requires that the defendant receive 'fair notice as to what acts may constitute a violation of his probation, thereby subjecting him to loss of liberty.'" *State v. Gleason*, 154 Vt. 205, 216, 576 A.2d 1246, 1252 (1990) (quoting *State v. Peck*, 149 Vt. 617, 619, 547 A.2d 1329, 1331 (1988)). Furthermore, "when violation of a condition is not a criminal act, due process mandates actual notice." *Mace v. Amestoy*, 765 F. Supp. 847, 849 (D. Vt. 1991). 28 V.S.A. § 252(c) requires that "[w]hen an offender is placed on probation, he shall be given a certificate explicitly setting forth the conditions upon which he is being released." A certificate satisfying this requirement may serve as adequate notice. In addition, we have noted that "[t]he instructions and directions given to a defendant by a probation officer or the court can also serve to provide fair notice." *Gleason*, 154 Vt. at 216, 576 A.2d at 1252.

We will not disturb the court's finding that defendant violated his probation if the record contains any credible evidence that fairly and

reasonably tends to indicate that defendant received fair and actual notice. See *id.* The record summarized above demonstrates that defendant was fully apprised of the elements and the nature of the charge. The court explained the elements of the offense, read the charge verbatim from the information, and asked defendant if he had any questions, to which he replied in the negative. Defendant, through his plea of nolo contendere, made "'a formal admission of all elements of the charge.'" 2 W. LaFave & J. Israel, Criminal Procedure § 20.4(c), at 642 (1984) (quoting 3 ABA Standards for Criminal Justice § 14-23 (2d ed. 1980)). Further, he signed the probation conditions that required him to (1) "participate fully" in any program that he was referred to by the court or his probation officer and (2) complete DAEP. After taking his nolo contendere plea, the court informed defendant that, in order to participate in the DAEP, he would "need to talk about and acknowledge and admit to the things that happened between you and [the victim]. You understand that?" Defendant indicated that he understood these requirements. Additionally, during and shortly after the DAEP intake meeting, the probation officer and the DAEP coordinator informed defendant that his denials would preclude him from being admitted to and completing DAEP. Finally, at the VOP hearing, prior to finding defendant in violation of his probation, his probation officer again put defendant on actual notice that he would be required to admit that he "engaged in physical assaultive behavior toward another person." In sum, defendant was given fair and actual notice that his refusal to admit slapping the victim, the specific conduct underlying his conviction, would necessarily lead to a violation of his probation condition. Notwithstanding these numerous opportunities, defendant continuously refused to admit his culpability for domestic assault. Revocation of defendant's probation was therefore not a violation of due process. See *Gleason*, 154 Vt. at 216, 576 A.2d at 1252.

Though we conclude that revocation of defendant's probation was not error, this case illustrates why a plea of nolo contendere in an assault case may produce a heightened likelihood of misunderstanding and contribute to the need for further court proceedings. While courts have discretion in accepting a nolo contendere plea, see V.R.Cr.P. 11(b) (nolo contendere plea may be entered only with the consent of the court), the failure to require a specific admission of guilt when taking a plea, may, in many cases, spawn charges of violation of probation based on a defendant's refusal to specifically admit his criminal behavior as part of his required participation in

educational or rehabilitative programs. See *State v. Fisk*, 165 Vt. 260, 264-65, 682 A.2d 937, 939 (1996) (Dooley, J., dissenting) (questioning appropriateness of accepting nolo contendere pleas in sexual abuse and assault cases).

In this case, in addition to requiring defendant to admit to domestic assault, the probation officer and the DAEP program manager erroneously concluded that, by pleading nolo contendere to the domestic assault charge, defendant admitted essentially all the acts alleged in the police officer's affidavit. Based on this mistaken belief the probation officer and the DAEP program manager expected defendant to "own the basic behavior of the affidavit" in order to gain entry into the DAEP program. That is, beyond requiring that he admit to the facts underlying the conviction, slapping the victim, they also expected him to admit to the other allegations in the probable-cause affidavit: (1) verbally abusing the victim; (2) pushing the victim down on the bed with great force; and (3) drinking on the day of the crime. A VOP determination, however, could not be based on defendant's refusal to admit to these additional allegations even if this had prevented his admission to DAEP.

By pleading nolo contendere, a defendant asserts that he does not contest the issue of his guilt or innocence of a specific, charged act, and, thus, he may be adjudicated guilty of the charged conduct. See *Gleason*, 154 Vt. at 211, 576 A.2d at 1249 (plea of nolo contendere taken as complete admission of guilt leading to judgment of conviction). This admission of guilt, however, applies only to the crime to which the defendant pleaded nolo contendere. If the criminal information and the affidavit supporting probable cause indicates only one criminal act, and the defendant pleads guilty or nolo contendere, the defendant may be found in violation of probation if the defendant's failure to complete a required program such as DAEP was due to the defendant's refusal to admit to the criminal act. If, however, as in the present case, the supporting affidavit indicates that the defendant may have assaulted the household member in a variety of ways, the plea of nolo contendere to one specific crime does not in any way constitute an admission to the other acts contained in the supporting affidavit unless such acts comprise an element of the crime. See 2 W. LaFave & J. Israel, *supra*, § 20.4(c), at 642 (noting that defendant who pleads nolo contendere is only admitting to the elements of the charged crime). Since the likelihood that these other acts actually occurred is supported only by an affidavit of probable cause, a court may not find the defendant in violation of probation if the defendant

is not admitted to a required educational or rehabilitative program based on a refusal to admit to these other acts, unless the defendant had previously admitted to this additional conduct.

*Affirmed.*

**Dooley, J.,** concurring. As I expressed in my dissent in *State v. Fisk*, 165 Vt. 260, 264, 682 A.2d 937, 939 (1996), I believe that the critical failure in cases like this is in the decision to allow a nolo contendere plea. As a result, we are now in a dispute whether defendant's admission that he pushed the victim and "slapped her hand out of my face before she hit me" is an admission that he slapped the victim as charged in the information. I doubt that the fine distinction being argued has much to do with whether defendant's probationary sentence would have brought about any behavioral change that would have reduced the likelihood of reoffense. Even if defendant had admitted he had slapped the victim, without reservation, his participation in the DAEP program would likely have been a failure.

The underlying problem here is that the plea and sentence are mutually inconsistent and make domestic abuse education programs ineffective. Defendant entered the nolo plea to deny any responsibility for the charged acts, and the trial judge imposed the probationary sentence to require defendant to admit responsibility for the charged acts. One could predict with certainty that the unresolved conflict between the plea and the sentence would lead to a violation proceeding.

I would accept Justice Skoglund's urging of trial judges to be wary of such pleas if I thought such advice would eliminate them. I fear, however, that the pressure of moving a heavy docket will sometimes lead to the plea and sentence imposed here even though the short-term gain of the settlement is soon outweighed by the judicial resources expended in post-judgment proceedings including appeals. The only means of preventing cases like this is to prohibit acceptance of nolo pleas, and negotiation of such pleas if necessary, in cases where a rehabilitative sentence will include treatment programs that require admission to the underlying offense.