IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2010

## JIMMY GRAY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for McMinn County**
**No. 09-343    Amy Reedy, Judge**

_____

**No. E2009-02339-CCA-R3-CD - Filed July 26, 2010**

_____

The petitioner, Jimmy Gray, stands convicted of four counts of aggravated rape and is serving a sentence of eighty years in the Tennessee Department of Correction. On September 14, 2009, the petitioner filed a petition for writ of error coram nobis on the basis of newly discovered evidence. The trial court summarily dismissed the petition as filed outside the statute of limitations. On appeal, the petitioner claims that (1) due process requires tolling of the statute of limitations; (2) he filed his petition within one year of discovering new evidence; and (3) the trial court erred by summarily dismissing his petition. Following our review of the parties' briefs, the record on appeal, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., filed a concurring opinion, and JAMES CURWOOD WITT, JR., concurred in result only.

Jimmy Gray, Pro Se, Pikeville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Robert Steve Bebb, District Attorney General; and James H. Stutts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

This case concerns the summary dismissal of the petitioner's petition for writ of error coram nobis. The petitioner did not include the judgments of conviction or other documentation in the record on appeal. However, according to the petitioner's pleadings, on

December 22, 1983, a McMinn County jury found the petitioner guilty of four counts of aggravated rape in case numbers 10605 and 10606. The trial court sentenced him to an effective eighty-year sentence in the Tennessee Department of Correction. *See State v. Jimmy Dean Gray and Ricky Gene Williams*, Nos. 1209 and 130, McMinn County, (Tenn. Crim. App. July 24, 1985). This court affirmed his convictions and sentence in 1985. *Id.* The petitioner filed for post-conviction relief, alleging ineffective assistance of counsel, and this court affirmed the trial court's denial of post-conviction relief. *See Ricky Gene Williams and Jimmy Edward Gray v. State*, Nos. 155 and 156, 1988 WL 79770, at *1 (Tenn. Crim. App. at Knoxville, Aug. 1, 1988). According to the petitioner's pleadings, he filed a petition under the DNA Post-Conviction Procedure Act in 2006, but his appointed counsel was unable to discover evidence for DNA testing. The trial court denied the petition on January 12, 2007.

The petitioner filed his petition for writ of error coram nobis on September 14, 2009, alleging that the attorney who represented him in the DNA post-conviction proceeding discovered a previously undisclosed photograph of the victim in the original case file and that the photograph rebutted the state's theory in his case. The petitioner further alleged that he received the photograph on November 19, 2008. The petitioner did not attach any exhibits to his petition. The state responded that the petition was untimely filed, that the petitioner had an opportunity to file the petition while represented by the attorney who discovered the photograph, that the petition was not supported by documentation to allow the court to review the petitioner's claim, and that the photograph, "if it exists and if it is indeed material to the case" would serve only to impeach the testimony of the state's witnesses and did not rise to the level of "newly discovered evidence."

The trial court dismissed the petition without a hearing, finding that it was barred by the statute of limitations and that the photograph did not rise to the level of "newly discovered evidence." The petitioner timely filed a notice of appeal.

**Analysis**

On appeal, the petitioner argues that the trial court erred in summarily dismissing his petition, that due process requires tolling the statute of limitations, and that he filed his petition for writ of error coram nobis within one year of discovering new evidence.

Trial courts may grant a criminal defendant a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error coram nobis. Tenn. Code Ann. § 40-26-105; *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the

defendant shows he was without fault in failing to present the evidence at the proper time, and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. Tenn. Code Ann. § 40-26-105; *Mixon*, 983 S.W.2d at 668.

A criminal defendant has one year, from the entry of the final judgment or disposition of post-trial motions, in which to file a petition for writ of error coram nobis. *See* Tenn. Code Ann. §§ 40-26-105(a), 27-7-103; *State v. Vasques*, 221 S.W.3d 514, 525 (Tenn. 2007). We review *de novo* the question of whether the statute of limitations operates to bar a claim. *Harris v. State* 301 S.W.3d 141, 144 (Tenn. 2010). "We construe the coram nobis statute of limitations consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.* The state bears the burden of raising the statute of limitations as an affirmative defense in the trial court. *Id.*

When a petitioner presents newly discovered evidence as grounds for coram nobis relief, due process considerations may act to toll the statute of limitations. *Harris*, 301 S.W.3d at 145. "These due process considerations refer to the principle that 'before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). We review *de novo*, with no presumption of correctness, the question of whether due process requires the tolling of the statute of limitations. *Id.*

"To determine whether due process requires tolling, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Harris*, 301 S.W.3d at 145. Balancing these interests requires a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (quoting *Sands v. State*, 903 S.W.2d 297, 301 (Tenn.1995)).

In this case, the limitations period would normally have begun to run thirty days after the disposition of the petitioner's motion for new trial. The record is unclear as to the date of the petitioner's motion for new trial; however, the jury convicted the petitioner on

December 22, 1983, and this court disposed of the petitioner's direct appeal in 1985. Therefore, the limitations period would have begun to run sometime between 1983 and 1984 and would have expired between 1984 and 1985, approximately twenty-five years before the petitioner filed for a writ of error coram nobis.

The petitioner asserts that grounds for coram nobis relief arose on or around November 19, 2008, when his former attorney first sent him a letter, the exact contents of which are unknown, and later sent him the actual photograph that the petitioner claims constitutes new evidence. The state contends that grounds for relief arose when the petitioner's attorney discovered the photograph at some point between June 2006 and January 2007, while she was researching for the petitioner's DNA post-conviction proceeding. The petitioner does not contest when his attorney found the photograph. Under the law of this state, "[a] client is implied to have notice of facts transmitted to his attorney in the matter and course of his employment for such client." *Roberts v. State*, 546 S.W.2d 264, 265 (Tenn. Crim. App. 1976). This rule applies whether or not the attorney actually communicated the facts to the client. *See Smith v. Petkoff*, 919 S.W.2d 595, 597-98 (Tenn. App. 1995). Therefore, we hold that the petitioner had notice of the photograph as of the time when his attorney discovered it. Assuming, *arguendo*, that the photograph constituted newly discovered evidence, grounds for coram nobis relief arose, at the latest, in January 2007, thirty-five months before the petitioner filed his petition.

The third step of the analysis is to determine whether "a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Harris*, 301 S.W.3d at 145. Our supreme court has declined to set "a specific limitations period for later-arising claims." *Id.* In *Harris*, the supreme court held that a delay of six years for one of the petitioner's claims and a delay of twenty-one months for his second claim were unreasonable under the circumstances of that case. *Id.* In this case, the petitioner's former attorney discovered the photograph while she represented him on a separate claim. The petitioner could have filed a petition for coram nobis relief while she represented him. Instead, he filed his petition nearly three years later. Nothing prevented him from filing during that three-year period. We conclude that, under the circumstances of this case, the petitioner's delay in seeking coram nobis relief is unreasonable and that the pleadings, read in the light most favorable to the petitioner, "do not present a legal basis for overcoming the [s]tate's assertion of the statute of limitations." *Id.* Therefore, due process considerations do not merit tolling the statute of limitations, and his petition for writ of error coram nobis is time-barred. The petitioner is without relief in this matter.

**Conclusion**

Based on the foregoing reasons, we affirm the trial court's judgment.

_____
J.C. McLIN, JUDGE