DOOLEY, J., concurring.
¶ 25. I join Justices Skoglund and Robinson in their opinion for the Court. I write separately to emphasize the most important consequence of the decision and to answer, for myself, why we should deviate from federal and state decisions under federal and state criminal procedure rules with identical or very similar language.
¶ 26. There is no criminal procedural rule more important than Rule 11. Over ninety-five percent of all criminal cases that reach court judgment are resolved by a plea of guilty, usually as a result of some kind of plea bargain. See, e.g., Vt. Judiciary, Annual Statistical Report for FY16, 31, https://www.vermontjudiciary.org/sites/default/files/documents/FY16S¨tatistical0¨Report-¨F¨INAL0¨20617_1.pdf [https://perma.cc/5BZW-68ND]. Thousands of criminal cases are resolved in this way every year. Id. In all these cases, the trial judge must take a guilty plea under procedures that comply with Rule 11. Unlike the vast majority of procedural errors, a deviation from the requirements of Rule 11 can be the subject of a collateral attack on the adjudication of guilt, often a collateral attack that is commenced long after the defendant has pleaded guilty. See In re Hemingway, 168 Vt. 569, 570, 716 A.2d 806, 808 (1998) (mem.) (stating that fundamental error in court's acceptance of plea of guilty or nolo contendere may be challenged in collateral post-conviction relief proceeding).
¶ 27. Under these circumstances, it is critical that the requirements of Rule 11 be crystal clear and predictable so they can be implemented without error. It is equally critical, however, that pleas of guilty be voluntary, with full knowledge and understanding of a defendant's rights and the consequences of the plea and without improper influences and considerations. It is common in the law that we face conflicting policies and must find a way to balance them. I can think of no balance we must achieve that is more important than the one we face in Rule 11 cases and no balance where it is more important that we get it right.
¶ 28. Although we have decided many Rule 11 cases, I think we have failed to achieve clear requirements that can be implemented correctly in thousands of cases. This case is a demonstration of our *500 failing. The criminal division judge who took the guilty plea determined that the plea had a factual basis using methods that we have endorsed in some of our decisions. See State v. Cleary, 2003 VT 9, ¶¶ 15, 29, 175 Vt. 142, 824 A.2d 509 (holding that defendant's stipulation to factual basis for plea "substantially complied" with Rule 11(f) ); State v. Whitney, 156 Vt. 301, 303, 591 A.2d 388, 389 (1991) (holding that Rule 11(f) was satisfied where judge examined affidavit of arresting officer). Without explicitly overruling these decisions, more recent opinions have required methods of determining the factual basis for a plea that are more rigorous than allowed in the earlier decisions. See In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143 (requiring "evidence of a specific inquiry by the judge into the factual basis for the plea"); State v. Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999) (explaining that affidavit may be source of facts to support plea, but defendant must subsequently admit to facts in plea colloquy to satisfy Rule 11(f) ).
¶ 29. Thus, both the majority opinion and the dissenting opinion rely on precedents that support 100 percent the holding of each, but have never been reconciled. Allowing conflicting decisions to exist without acknowledgement and reconciliation, or the overruling of one or more decisions, is a bad practice that is inconsistent with our responsibility to be stewards of Vermont law. It is an extraordinarily bad practice where thousands of trial court actions every year must be based on the right answer and, if wrongly done, are subject to collateral attack.
¶ 30. The most important consequence of today's decision is that it finally faces up to the conflicts in our decisions and reconciles them by explicitly overruling those that are not consistent with our clearly stated holding. See ante, ¶¶ 20-21. I think clarity and predictability are the more important values at this point in the development of the law. I hope the Court will be as decisive in future opinions that address other Rule 11 requirements where reconciliation of conflicting decisions has not occurred.
¶ 31. Having said the above, I fully recognize that we have interpreted the factual basis requirement of Rule 11 in a way that is more rigorous than the interpretations of the same language by the federal and state courts. The dissent is clearly right on this point and is also right that we never acknowledged that we were deviating from the holdings of other courts, particularly the federal courts interpreting F.R.Cr.P. 11 on which our rule is based. See post, ¶¶ 41-42.
¶ 32. Despite this deviation, I join the majority's holding. My reason is based on what I believe is the proper operation of the criminal justice system. No defendant should plead guilty to a crime for which the defendant cannot acknowledge that he or she committed the elements of the crime or believes that he or she has a valid affirmative defense. As the New Jersey Supreme Court has stated:
Our court rules and case law require a factual basis for a plea of guilty, that is, a truthful account of what actually occurred to justify the acceptance of a plea. That approach in the long-run is the best means of ensuring that innocent people are not punished for crimes they did not commit. It is an approach that is essential to the very integrity of our criminal justice system.
State v. Taccetta, 200 N.J. 183, 975 A.2d 928, 936-37 (2009) ; see also State v. Urbina, 221 N.J. 509, 115 A.3d 261, 272 (2015) ("The court must be satisfied from the lips of the defendant that he committed every element of the crime charged." (citations and quotations omitted)). In my judgment, it is too easy in a system based heavily on *501 plea bargaining for a defendant to be convicted of a crime the defendant did not commit and believes he or she did not commit.[7]
¶ 33. Moreover, our sentencing system, particularly for serious crimes involving illegal sexual conduct or domestic violence, is now based heavily on defendant's acknowledgement of committing the crime as a prerequisite to probation or treatment. See State v. Katon, 168 Vt. 274, 278-79, 719 A.2d 430, 433 (1998) (noting that "the failure to require a specific admission of guilt when taking a plea, may, in many cases, spawn charges of violation of probation based on a defendant's refusal to specifically admit his criminal behavior as part of his required participation in educational or rehabilitative programs"); State v. Gleason, 154 Vt. 205, 216-17, 576 A.2d 1246, 1252-53 (1990) (affirming revocation of probation for failure to satisfactorily participate in sex offender treatment program where defendant, who had pleaded nolo contendere to lewdness charge, refused to admit underlying conduct in therapy sessions). Thus, a defendant who is unable or refuses to acknowledge that he or she committed the crime, even after a guilty plea, will face the most severe sentence for that crime. It is one thing to impose this consequence on a defendant who goes to trial and does not prevail. It is another to impose this consequence on a defendant who pleads guilty in the hope and expectation that it will lead to a more lenient sentence.

I recognize that the U.S. Constitution does not prohibit a court from accepting a guilty plea from an individual who maintains his innocence so long as there is an adequate factual basis elsewhere in the record. North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This practice appears to be relatively rare in Vermont courts and is not at issue here. I note, however, that an Alford plea would likely be inconsistent with our holding in this decision, which requires a defendant to admit to the facts underlying each element of the charge prior to pleading guilty. Ante, ¶ 21. Some states have prohibited Alford pleas for this reason. See Urbina, 115 A.3d at 272 ; Ross v. State, 456 N.E.2d 420, 423 (Ind. 1983) ; see also Alford, 400 U.S. at 38 n.11, 91 S.Ct. 160 ("[T]he States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.").