FILED

12/11/2018

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 7, 2018 Session

**STATE OF TENNESSEE v. WESTLEY A. ALBRIGHT**

**Appeal by Permission from the Court of Criminal Appeals
Circuit Court for Dickson County**
**No. 22CC-2013-CR-206        David D. Wolfe, Judge**

**No. M2016-01217-SC-R11-CD**

SHARON G. LEE, dissenting.

Westley Albright, with the trial court's consent, entered a nolo contendere plea to the charge of solicitation of a minor without being required to admit his guilt. The trial court granted Albright judicial diversion with one year of probation. Albright complied with all the stated conditions of his diversion. He attended and participated in all scheduled treatment group meetings, paid for sex offender treatment, and underwent an assessment. Albright even took a lie-detector test. Yet the trial court revoked Albright's diversion, convicted him of solicitation of a minor, and extended his probation by six months, because of his noncompliance with an *unstated* condition of diversion. This unstated condition was that Albright had to admit during treatment that he was guilty of solicitation. Because he would not or could not make this forced admission, Albright's therapist discharged him from the treatment program, and the trial court revoked his diversion.

The problem here is that the trial court never told Albright that admitting guilt in treatment was a condition of diversion and that failure to do so could result in revocation. This lack of fair warning violated Albright's due process rights under the Fourteenth Amendment to the United States Constitution and Article 1, section 8 of the Tennessee Constitution. Under the due process clauses of the federal and state constitutions, Albright had a right to fair warning of the conduct that might result in a revocation of his diversion.[1]

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973) (concluding that "the loss of liberty entailed" by the revocation of probation is a "serious deprivation" for which a defendant must be accorded due process); *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997)) (noting that a defendant's

Several reasons support the conclusion that Albright's due process rights were violated by lack of fair notice. First, a plea of nolo contendere is fundamentally inconsistent with a requirement of admission of guilt in treatment. When entering a nolo contendere plea in exchange for judicial diversion, a defendant does not admit guilt and is neither adjudicated guilty nor sentenced. A defendant can only enter a nolo contendere plea with the trial court's consent. The prosecution need not establish a factual basis for the nolo contendere plea. The plea cannot be used against the defendant as an admission in a later case. It is inherently unfair and inconsistent for a trial court to accept a nolo contendere plea, not make the defendant admit guilt in court, and then not tell the defendant that he would later have to admit guilt in treatment to comply with the terms of diversion.[2]

Had Albright entered a guilty plea and admitted his guilt to the trial court, he would have no reason to complain. Cases involving defendants who pleaded guilty and then claimed a due process violation when their probation was revoked based on their refusal to admit guilt in treatment do not apply. Unlike Albright, the defendants in those cases admitted their guilt by entering guilty pleas, were adjudicated guilty, and were sentenced.[3] It is fair to require a defendant who has pleaded guilty to admit in sex offender treatment what he has already admitted in court. But when a defendant does not admit guilt when entering his plea, as in Albright's case, due process requires that the trial court give the defendant fair warning that admission of guilt in treatment is a condition of his judicial diversion.

Second, Albright did not receive actual notice that an admission of guilt was a condition of his diversion. When Albright entered the nolo contendere plea, the trial court did not tell Albright about the required treatment, much less that he would have to admit guilt during the treatment. Instead, the trial court advised Albright, "You're handing me

"liberty interest" in probation must be "protected by due process of law"); *see also United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987) (same).

[2] *See State v. Katon*, 719 A.2d 430, 434 (Vt. 1998) (Dooley, J., concurring) (observing that the underlying problem was the mutual inconsistency between the plea and sentence); *see also People v. Walters*, 627 N.Y.S.2d 289, 291 (Schoharie Cnty. Ct. 1995) (concluding that "[t]o require [a] defendant to admit to his factual guilt during treatment, upon threat of incarceration, is directly inconsistent with [an *Alford*] plea agreement"); *State v. Birchler*, No. 00AP-311, 2000 WL 1473152, at *2 (Ohio Ct. App. Oct. 5, 2000) ("Requiring [defendant] to admit that there was a victim or to specific criminal conduct against a victim would be in contradiction to his maintenance of factual innocence pursuant to *Alford*."). An *Alford* plea "is one in which the defendant is 'unwilling or unable to admit his participation in the acts constituting the crime.'" *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[3] *See, e.g.*, *United States v. Gallo*, 20 F.3d 7, 9 (1st Cir. 1994) (guilty plea to possession of unregistered firearm); *People v. Ickler*, 877 P.2d 863, 865 (Colo. 1994) (en banc) (guilty plea to second degree sexual assault); *State v. Reilly*, 760 A.2d 1001, 1004 (Conn. App. Ct. 2000) (guilty plea to third degree sexual assault); *Staples v. State*, 202 So. 3d 28, 30 (Fla. 2016) (guilty plea to traveling to meet minor); *Ward v. State*, 315 S.W.3d 461, 463 (Tenn. 2010) (guilty plea to aggravated sexual battery).

this plea, I'm going to put it in a drawer or in the court file for one year." The trial court added, "if you do everything you're supposed to do, report to the Sexual Offender Register, obey all of those requirements, stay out of trouble, don't commit any new offense, pay your court costs and so forth, that at the end of that year this case will be dismissed." The order of probation required Albright to abide by the "Specialized Probation Conditions for Sex Offenders." Again, there was no mention of mandatory treatment or admission of guilt. The "Specialized Probation Conditions for Sex Offenders" required Albright to "attend, participate in, and pay for treatment or counseling with an approved treatment provider as deemed necessary by the Board, the Court or my Officer" and "continue in such treatment as instructed for the duration of the supervision unless my treatment provider, in consultation with my Officer, instructs me in writing that I have satisfactorily completed treatment." Neither the trial court nor the probation documents referenced a mandatory admission of guilt in treatment.

Third, assuming implied notice is sufficient, Albright did not have implied notice of the unstated condition that he would have to admit guilt in treatment. Albright could not know from being told to register as a sex offender or to attend treatment that if he did not admit guilt during treatment, to the satisfaction of his therapist, his diversion could be revoked. The contents and requirements of sex offender treatment or the mandates of a particular sex offender therapist are not a matter of common knowledge, much less a matter of common sense. Rather, common sense suggests that if a defendant is not required to admit guilt when he enters his plea and not told he will have to admit guilt in treatment, then he does not know about this unstated requirement. Common sense also suggests that an admission of guilt in treatment that is coerced by the threat of incarceration is not an effective therapeutic tool.

Fourth, implied notice, even if shown, does not satisfy due process requirements. Implied notice is properly imputed to a defendant when the basis of the revocation is criminal conduct.[4] But when the underlying conduct is not criminal, as here, due process requires that the defendant receive actual notice.[5]

In *Ward v. State*, 315 S.W.3d 461, 467 (Tenn. 2010), we held that a trial court must notify defendants of direct, not collateral, consequences of their guilty pleas. But *Ward* does not apply here. Ward was seeking to withdraw a guilty plea, claiming that the guilty plea was not knowing and voluntary. Here, Albright is challenging the revocation

---

[4] *Roberts v. State*, 546 S.W.2d 264, 265 (Tenn. Crim. App. 1977); *see also Reilly*, 760 A.2d at 1009 (noting that where probation revocation is based on criminal activity, the probationer has imputed knowledge that further criminal acts could result in revocation and due process notice requirements are met).

[5] *Simmons*, 812 F.2d at 565; *People v. Calderon*, 356 P.3d 993, 997 (Colo. Ct. App. 2014); *State v. Boseman*, 863 A.2d 704, 712 (Conn. App. Ct. 2004); *State v. Monson*, 518 N.W.2d 171, 173 (N.D. 1994); *State v. Budgett*, 769 A.2d 351, 354 (N.H. 2001); *Katon*, 719 A.2d at 433.

of his diversion based on a violation of an unstated condition for which he did not have fair warning as required by the Due Process Clause. Nolo contendere pleas with judicial diversion are not the norm. It is not a heavy burden on a trial court to advise a defendant who enters a nolo contendere plea, receives judicial diversion, and is required to participate in treatment, that admitting guilt during treatment is a condition of his diversion.

Last, Albright complied with all the *stated* conditions of his diversion. He attended all his scheduled sessions as well as participated in and paid for counseling with an approved treatment provider. Albright did not refuse to make *any* admissions in treatment. He admitted certain acts but claimed he did not have the requisite mental intent attributed to them by the therapist. His therapist did not believe him and concluded that Albright did not give a credible statement of responsibility for the solicitation offense. Albright and his therapist disagreed on Albright's mental intent. Albright did not refuse treatment; his therapist refused to treat him.

The effect on Albright of requiring him to admit guilt—without notice—in treatment is significant. Because he would not or could not truthfully make this admission, the trial court revoked Albright's judicial diversion, convicted him of solicitation, and extended his probation.

In sum, the trial court accepted Albright's nolo contendere plea and granted judicial diversion without advising him, orally or in writing, that he would later have to admit guilt in treatment as a condition of his diversion. In doing so, the trial court inadvertently set Albright up for failure when he later did not admit guilt in treatment. Perhaps recognizing the unfairness of this result, the majority "encourages trial courts, as a matter of best practices, to advise defendants required to participate in sex offender therapy that the successful completion of such therapy may require admissions regarding the conduct underlying the defendant's conviction(s)." This is where I depart from the majority. Fair notice of unstated conditions is not just a best practice; it is required by our federal and state constitutions. Because Albright did not have fair warning of this unstated condition of judicial diversion, the revocation of diversion violated his due process rights and was inherently unfair.

_____
SHARON G. LEE, JUSTICE

4